Leslie **THACKER** dba Leslie Thacker Child Placement Agency, Appellant,

v.

**STATE of Texas and Texas Department of Human Services, Appellees.**

No. 3–91–445–CV.

Court of Appeals of Texas, Austin.

April 14, 1993.

Rehearing Overruled May 19, 1993.

78

Lance E. Houghtling, Tulsa, OK, for appellant.

Dan Morales, Atty. Gen. and Ann Hartley, Asst. Atty. Gen., Austin, for appellees.

Before CARROLL, C.J., and JONES and KIDD, JJ.

CARROLL, Chief Justice.

Leslie Thacker dba Leslie Thacker Child Placement Agency appeals from a "death penalty" sanction for discovery abuses. The district court struck all Thacker's pleadings, rendered a default judgment granting a permanent injunction, and ordered her to pay expenses the appellees incurred as a result of her abuses. We will affirm the trial court's judgment.

## BACKGROUND

The State of Texas and the Texas Department of Human Services (collectively, "the Department") initiated this cause against Leslie Thacker, individually, and Leslie Thacker dba Leslie Thacker Child Placement Agency alleging violations of the minimum standards for child-placement agencies. *See* Tex.Hum.Res.Code Ann. §§ 42.001–.077 (West 1990). The Department sought temporary and permanent injunctions to bar Thacker from child-placement activities. *See* Tex.Hum.Res.Code Ann. § 42.074 (West 1990). After a contested hearing, the district court rendered a temporary restraining order and set the cause for a hearing on whether temporary injunction should issue.

After some initial discovery by the Department, including a deposition of Thacker, the parties reached a tentative settlement agreement. Thacker agreed to relinquish her child-placement agency license, withdraw from all pending litigation involving adoptions, and cease all child-placement operations in exchange for the Department's dismissal of this cause. When Thacker failed to honor any of her agreements, the agreement fell through, and the Department attempted to complete its discovery in preparation for trial. Thacker apparently refused to cooperate with the Department, and the Department ultimately sought sanctions pursuant to Tex. R.Civ.P. 215.

The district court conducted several hearings concerning discovery and sanctions. At the first hearing, as a sanction for failing to appear at her scheduled deposition, the court rendered an order for temporary injunction barring Thacker from the child-placement business.

The second hearing involved a perceived conflict between orders in this cause and orders rendered by a district-judge in Harris County. The district court resolved this conflict and ordered that certain documents the Harris County district attorney had seized pursuant to a search warrant be placed in the constructive custody of the court ("*custodia legis*") when released by the district attorney. The court designated the Department's counsel as an officer of the court to receive these documents.

A Houston attorney, who represented Thacker in related criminal proceedings, intercepted and detained these documents. The Department brought a motion for sanctions complaining this was a violation of the court's order and alleging other discovery abuses. Thacker failed to appear at the hearing, and the court rendered a permanent injunction by default. On Thacker's motion, however, the court vacated its order and granted a new trial.

The Department and Thacker each urged motions for sanctions. After a contested hearing, the district court determined that Thacker had not complied with her discovery obligations. The court ordered her to produce the requested records within ten days and to explain her actions by affidavit. The court barred Thacker from conducting any discovery until she complied with the court's order. The court ordered that Thacker be charged the additional costs the Department incurred in securing the documents the Harris County district attorney has seized. The court took under advisement the Department's request to strike Thacker's pleadings and to grant a permanent injunction by default. The court extensively explained what it expected of Thacker from the bench and stated that it reserved the right to impose more severe sanction if the court was not satisfied with Thacker's explanations or her compliance with its orders.

Thacker produced some additional documents and filed an affidavit. The Department, believing that she had not fully complied with the order, objected and the district court conducted further hearings. When Thacker failed to explain satisfactorily her continued refusal to comply with the order, the court struck her pleadings, granted a permanent injunction by default, and ordered her to pay the Department's costs resulting from her abuses. In its order, the district court found that Thacker had "knowingly and intentionally and flagrantly disregarded her obligations with respect to discovery in this matter."

Thacker brings three points of error contending that the trial court erred in (1) rendering a permanent injunction as a "death penalty" sanction, (2) awarding monetary damages, and (3) rendering an impermissibly broad permanent injunction.

## DISCUSSION AND HOLDING

Thacker's first two points of error complain of the "death penalty" sanctions and the monetary damages. We note initially that Thacker is a licensed Texas attorney and a certified public accountant who could not credibly claim ignorance of the discovery rules, the sanctions available for discovery abuses, or the significance of the documents in her possession and control.

The Department alleged that Thacker refused, without excuse, both to attend a scheduled deposition and to produce documents properly requested by subpoena duces tecum, and that she altered a document subject to the subpoena duces tecum and destroyed other documents. Specifically, the Department alleged that Thacker failed to produce and concealed the existence of two key documents, her business check register and a code index linking birth mothers, babies, and adoptive parents.

The Department also urged that Thacker's Houston attorney violated the district court's order that all the records seized by the Harris County district attorney were to be placed in *custodia legis* upon release when he intercepted the documents and retained them for five days. Finally, the Department alleged that Thacker violated the district court's order to produce all documents requested in the subpoena duces tecum by withholding documents including (1) records of four business bank accounts, (2) canceled checks paid to a particular birth mother, (3) current bank records, (4) telephone records, and (5) relevant travel records.

In her affidavit, Thacker attempted to discount the significance of the check register and the code index, explained the document alterations as "updating," and admitted destroying some documents but claimed she believed they were no longer needed. Thacker also admitted that she had additional business records in her possession that she had not produced. She offered only the excuse that she did not know what she was obligated to produce.

While the parties dispute the facts underlying the district court's order, we believe that the resolution of these contested fact issues lies within the purview of the trier-of-fact. *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986); *Nelson v. Jordan,* 663 S.W.2d 82, 86 (Tex.App.—Austin 1983, writ ref'd n.r.e.).

■ Rule 215 specifically authorizes the sanctions the district court imposed. *See* Tex.R.Civ.P. 215(2)(b)(2), (5). The Texas Supreme Court has set out the standards for reviewing discovery sanctions in *Transamerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913 (Tex.1991). The choice of which sanction to apply is within the sound discretion of the trial court; however, the sanctions imposed must be just. *Transamerican,* 811 S.W.2d at 917; *Bodnow Corp.,* 721 S.W.2d at 840 (Tex.1986).

■ A direct relationship must exist between the offensive conduct and the sanction imposed. *Transamerican,* 811 S.W.2d at 917. The sanction must be directed against the abuse and toward remedying the prejudice to the other party. *Id.* The sanction must also punish the offender; the court must attempt to determine whether the client, her counsel, or both caused the abuse. *Id.*

Thacker's discovery abuses appear to have concealed evidence essential to the Department's case and frustrated the prosecution of the action. The district court stated from the bench that "[t]hese are things right at the heart of the lawsuit against you, about the misconduct they claim you've been doing in the adoption business." The court expressly found that the abuses were committed "knowingly" and "intentionally" and that Thacker "flagrantly disregarded her obligations with respect to discovery." The trial court could reasonably find that the abuses, if unpunished, would directly affect the merits of the entire case. The monetary sanction was a reimbursement of a portion of

the Department's expenses caused by the abuses. We conclude that the trial court could reasonably find a direct relationship exists between Thacker's actions and the sanctions ultimately imposed against her. The sanctions were also properly imposed against Thacker rather than her attorneys. As the district court stated from the bench, Thacker "was the real culprit here."

 The sanction must not be excessive; the punishment must fit the crime. *Id.* The sanction should be no more severe than necessary to satisfy its legitimate purposes. *Id.* The court must consider less severe sanctions and whether such lesser sanctions would fully promote compliance. *Id.* The purposes of discovery sanctions are to (1) secure the parties' compliance with the rules of discovery, (2) deter other litigants from violation of the discovery rules, and (3) punish parties that violate the discovery rules. *Bodnow Corp.*, 721 S.W.2d at 840.

 Sanctions which are so severe as to preclude presentation of the merits should not be assessed absent flagrant bad faith or callous disregard for discovery obligations. *Transamerican*, 811 S.W.2d at 918.

> Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit. However, if a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it.

*Id.* (citations omitted).

 The sanctions imposed in this cause, while of the most severe nature, are not excessive. The discovery abuses were multiple, continuing, and in complete disregard of orders of the district court. The court repeatedly gave Thacker "second chances" to comply with its orders and with her discovery obligations in general, gave her several opportunities to raise any objections or explanations, imposed several lesser sanctions, and explicitly ordered her to comply with discovery. When the court imposed lesser sanctions, it took under advisement the Department's requests to strike Thacker's pleadings and to render default judgment. Only after Thacker had failed to comply with its order did the court resort to "death penalty" sanctions.

The sanctions imposed advance the purposes of discovery sanctions and are not excessive under the circumstances. The trial court determined that Thacker had refused to comply with discovery despite numerous opportunities. Moreover, lesser sanctions the court imposed previously were unsuccessful.

In a case Thacker cited for its reversal of a "death penalty" sanction, the court expressly approved actions similar to those taken in this cause:

> [T]he trial court could have ordered [appellant] to answer the three interrogatories, stating in the order that his failure to do so would result in his pleading being stricken and his case being dismissed; if [appellant] failed to comply with that order, with full notice of the "death penalty" consequences, we believe that sanctions would be appropriate.

*Jaques v. Texas Employers Ins. Ass'n*, 816 S.W.2d 129, 131 (Tex.App.—Houston [1st Dist.] 1991, no writ).

Although the sanctions prevented Thacker from presenting her case on the merits, we conclude that the abuses were so severe that the trial court could apply the presumption that any defenses she would have raised would be meritless. The district court found that by her knowing and intentional abuses, Thacker concealed material evidence in flagrant disregard of known obligations and court orders. We conclude that the district court did not abuse its discretion and that the sanctions do not violate the *Transamerican* standards. Accordingly, we overrule Thacker's first and second points of error.

In her third point of error, Thacker claims that the permanent injunction rendered by the district court is impermissibly broad in that it impinged upon her rights as

a licensed attorney to practice law and upon her rights as an individual.

Thacker argues that the injunction enjoins her from the following lawful actions of an attorney: (1) representing birth parents or adoptive parents; (2) securing relinquishments of parental rights; (3) receiving compensation for legal services in connection with adoptions; (4) acting as an intermediary in an adoption; and (5) facilitating contacts between birth mothers and adoptive parents. We disagree.

Although the practice of law may involve all of the these activities, to the extent any activity falls within the scope of Texas Human Resources Code chapter 42, it is subject to the licensing and regulation of the Department, even if the actor is otherwise a licensed attorney. *See* Tex.Hum. Res.Code Ann. §§ 42.002(12), .041(a) (West 1990).

■ The injunction is expressly limited so as not to infringe upon Thacker's right to continue the practice of law. The injunction states that it does not enjoin Thacker from the practice of law so long as such activity does not include "placing a child for adoption or planning for the placement of a child for adoption." The legal activities Thacker cites are barred by the injunctive order only to the extent they involve child-placement or acting as a broker or intermediary for child-placement. These activities may not be undertaken without a Department license. Thacker is explicitly allowed to refer individuals who seek child-placement services to licensed child-placement agencies, the Department, or other governmental entities. We conclude that the permanent injunction does not exceed the regulatory authority of the Department or infringe upon Thacker's right to practice law.

■ Thacker also argues that the injunction is invalid because it prohibits her from asserting her legal rights in court and from asserting the attorney-client privilege in Department complaint investigations. We disagree. The injunction requires Thacker to withdraw only from pending cases in which she is acting as a child-placement agency. The regulation of these activities is within the scope of the Department's authority and this provision of the injunction does not prohibit her from asserting other legal rights in court. The injunction bars the assertion of the attorney-client privilege only in investigations by the Department of any complaint that Thacker is engaging in child-placement activities in violation of the permanent injunction. The purpose of this provision is to prevent Thacker from frustrating any such investigations. The attorney-client privilege may apply only in connection with the rendition of legal services. Tex.R.Civ.Evid. 503. Communications for other purposes are not protected merely because one of the parties is licensed to practice law. *See Clayton v. Canida*, 223 S.W.2d 264, 266 (Tex.Civ.App.—Texarkana 1949, no writ). To the extent Thacker provides only child-placement services, she is not serving as an attorney and the attorney-client privilege does not apply. We conclude that the limited restraint on the attorney-client privilege does not make the permanent injunction impermissibly broad. We overrule Thacker's third point of error.

## CONCLUSION

Having overruled Thacker's points of error, we affirm the district court's judgment.