IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-550-CV





SYLVIA L. BECKEY,



 APPELLANT


vs.





BANK ONE TEXAS, N.A.,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 92-00195, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 




PER CURIAM


 Appellant Sylvia L. Beckey appeals from a judgment awarding appellee Bank One
Texas, N. A., damages in the amount of $11,404.93, plus attorney's fees, interest, and costs in
its suit for recovery of an overdraft on Beckey's account. (1) The trial court rendered judgment in
the Bank's favor after striking Beckey's pleadings and prohibiting her from presenting evidence
to defend against the claim as discovery sanctions. We will affirm the trial-court judgment.

 Beckey raises four points of error on appeal, complaining of the trial court's denial
of her motion for summary judgment, the imposition of sanctions against her, the award of
attorney's fees, and the overruling of her motion for new trial. By these points, Beckey does not
complain of error in the judgment because of the several preliminary rulings on which the trial
court based the judgment. Nevertheless, the points are sufficient to direct this Court to the error
about which Beckey complains and preserve the issues for our review. See Tex. R. App. P.
74(d); Davis v. Grammer, 750 S.W.2d 766, 767 (Tex. 1988); Fambrough v. Wagley, 169 S.W.2d
478, 482 (Tex. 1943). Accordingly, we will address the arguments asserted as a basis for error
in the rendition of judgment.

 In her first point of error, Beckey contends that the trial court erred in denying her
motion for summary judgment. Under this point, Beckey also asserts that the trial court erred by
refusing to consider her motion at the hearing on April 16, 1992. (2) We need not detail the
procedural difficulties involving the motion for summary judgment. Even were we to assume that
the motion were properly before the trial court and that the court denied the motion, the point does
not present anything for this Court to review.

 When a party unsuccessfully moves for summary judgment and the trial court
subsequently renders judgment against the party, any order denying the motion is not a proper
subject for appeal. Tobin v. Garcia, 316 S.W.2d 396, 400 (Tex. 1958); Brownsville Navigation
Dist. v. Izaguirre, 800 S.W.2d 244, 249 (Tex. App.--Corpus Christi 1990), rev'd on other
grounds, 829 S.W.2d 159 (Tex. 1992); Valencia v. Garza, 765 S.W.2d 893, 897 (Tex. App.--San
Antonio 1989, no writ). By imposing sanctions and rendering judgment, the trial court effectively
set aside any order as to Beckey's motion for summary judgment. See Hill v. Robinson, 592
S.W.2d 376, 384 (Tex. Civ. App.--Tyler 1979, writ ref'd n.r.e.); Dickson & Assocs. v. Brady,
530 S.W.2d 886, 888 (Tex. Civ. App.--Houston [1st Dist.] 1975, no writ). We overrule the first
point of error.

 In her third point of error, Beckey contends that the trial court erred in not granting
a stay of discovery and in imposing harsh discovery sanctions. We regard the point as a
complaint that the trial court abused its discretion in striking Beckey's pleadings and not allowing
her to present evidence. A trial court abuses its discretion if the sanction imposed does not further
one of the purposes that sanctions are intended to further. Bodnow Corp. v. City of Hondo, 721
S.W.2d 839, 840 (Tex. 1986). In reviewing an abuse of discretion, an appellate court must
determine whether the trial court acted without reference to guiding rules and principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986).

 The choice of sanctions is a matter within the trial court's sound discretion;
whatever sanctions a court imposes must be just under the circumstances. TransAmerican Natural
Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991); Thacker v. State, 852 S.W.2d 77, 80
(Tex. App.--Austin 1993, writ denied). Two factors set the boundaries of discretion for sanctions
to be just: (1) a direct relationship must exist between the offensive conduct and the sanction
imposed and (2) the sanction imposed must not be excessive. Chrysler Corp. v. Blackmon, 841
S.W.2d 844, 849 (Tex. 1992); TransAmerican, 811 S.W.2d at 917; Thacker, 852 S.W.2d at 80. 
A sanction that, by its severity, prevents a decision on the merits of a case is not justified "absent
a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery
under the rules." TransAmerican, 811 S.W.2d at 918; see Chrysler Corp., 841 S.W.2d at 849;
Thacker, 852 S.W.2d at 81. All doubts should be resolved in favor of reaching a decision on the
merits. Fletcher v. Blair, No. 3-91-077-CV (Tex. App.--Austin Jan. 19, 1994, writ requested);
United States Fidelity & Guar. Co. v. Rossa, 830 S.W.2d 668, 671 (Tex. App.--Waco 1992, writ
denied). This Court reviews the entire record, including any evidence, the arguments of counsel,
the written discovery on file, and the circumstances surrounding the party's alleged discovery
abuse. Otis Elevator Co. v. Parmelee, 850 S.W.2d 179, 181 (Tex. 1993); Rossa, 830 S.W.2d
at 672.

 In February 1992, the Bank served Beckey with its first set of interrogatories,
request for production, and a notice of intent to take Beckey's oral deposition, scheduled for April
1. See Tex. R. Civ. P. 166b(a), 167, 168, 200. Beckey's responses to the interrogatories and
request for production were due on March 30. Tex. R. Civ. P. 167(2), 168(4). On March 31,
the Bank notified Beckey, by letter, that the responses were past due and that her deposition
remained scheduled for April 1. The Bank advised her that it would file a motion to compel, if
necessary. See Tex. R. Civ. P. 215(1)(b)(2), (3). Beckey responded, in a handwritten note, that
the Bank's filing an amended petition or her motion for summary judgment stayed all discovery. (3)

 In a second letter, the Bank answered that it would file a motion to compel if
Beckey did not respond to the discovery requests and appear for her deposition, scheduled for
1:00 p.m. on April 1. The Bank enclosed a copy of the motion to compel. Beckey responded that
she would not appear at her deposition because she was "under strict instructions from [her]
doctor not to attend depositions or anything like depositions . . . ." She again urged her belief
that service of her motion for summary judgment stayed all discovery. The Bank filed its motion
to compel on April 1.

 The trial court held a hearing on the motion to compel on April 16 and rendered
its order requiring Beckey to answer the interrogatories and request for production by April 27
and to appear for her deposition at 9:00 a.m. on May 1. See Tex. R. Civ. P. 215(1)(b). The trial
court also imposed monetary sanctions against Beckey in the amount of $2554.80 to cover
expenses the Bank incurred in preparation for depositions that Beckey set and then cancelled. See
Tex. R. Civ. P. 215(2)(b)(2). The order provided additionally that Beckey could not conduct
further discovery until she had paid the $2554.80 to the Bank. See Tex. R. Civ. P. 215(2)(b)(1),
(5).

 On April 17, Beckey notified the Bank that she had "as many as 100 - 150 boxes
of records supporting [her] damages" (4) and asked where she should send the boxes. The Bank
answered that she could deliver the boxes to the office of the Bank's counsel's office. On April
18, Beckey advised the Bank that she did not have a conference room in which the Bank could
review the documents and asked the Bank to send a check for $5000 to cover the cost of copies. 
The Bank then advised Beckey, by letter, that she could deliver the documents to counsel's office
for review and that counsel would be responsible for any copies, pursuant to Texas Rule of Civil
Procedure 167.

 Beckey did appear for her deposition on May 1. At that time, Beckey stated that
she had mailed 261 pages of documents in an attempt to comply with the discovery request, and
she produced a bound volume of 232 pages. It is unclear whether some of these pages were
duplicates because the Bank later indicated it had received only 232 pages. After Beckey asked
for a break in the deposition, the parties agreed to take a lunch break from 11:15 a.m. to 12:45
p.m. Beckey indicated that she was not feeling well and might need to go either to a doctor or
to a hospital emergency room. Counsel asked that Beckey have the doctor notify counsel if
Beckey were unable to return to the deposition that day. The parties then discussed possible dates
on which to continue the deposition; although, the Bank indicated that rescheduling was premature
until it was clear Beckey could not return that afternoon. By 1:20 p.m., Beckey had not returned
to the deposition. Shortly thereafter, counsel received a call that Beckey was at the emergency
room and would not return to the deposition that afternoon.

 The Bank then filed its motion for contempt and for sanctions requesting the trial
court to strike Beckey's pleadings and to prevent her from opposing the Bank's claims, supporting
her counterclaims, and introducing any matters into evidence. See Tex. R. Civ. P. 215(2)(b)(4),
(5). After a hearing, the trial court rendered its sanction order. The order includes the court's
findings that: (1) Beckey did not comply with the order of April 16, (2) she failed and refused
to produce documents requested in the Bank's request for production of documents, (3) she did
not remain at the May 1 deposition until it ended, (4) she undertook these actions for the purposes
of delay, and (5) she has "shown extreme disregard for this court's orders, the Texas Rules of
Civil Procedure, and the discovery process in general." The court found further that Beckey is
an attorney, licensed to practice in the State of New York, "and as such is familiar with general
court procedure, rules of evidence, and rules of procedure." See Chrysler, 841 S.W.2d at 849;
Fletcher, Slip op. at 4 (record must include sOme explanation to justify grant of death-penalty
sanctions). Based on these findings, the court ordered that Beckey's pleadings be struck and that
she not be allowed to conduct further discovery, oppose the Bank's claims, support her claims,
or introduce any matters into evidence. See Chrysler Corp., 841 S.W.2d at 852; Rossa, 830
S.W.2d 668, 672 (Tex. App.--Waco 1992, writ denied).

 After a hearing at which the Bank introduced evidence in support of its claims and
its attorney's fees, the trial court rendered judgment in favor of the Bank. Beckey filed a timely
motion for new trial or modification of the trial court's orders in the cause. See Tex. R. Civ. P.
329b(a). The trial court heard the motion on September 17; the motion was overruled by
operation of law on September 19. See Tex. R. Civ. P. 329b(c).

 Although of the most severe nature, the sanctions imposed here were not excessive. 
The discovery abuse was persistent and continuous. The initial motion and order to compel had
no effect on Beckey's frustration of the Bank's discovery. See Thacker, 852 S.W.2d at 81 (trial
court resorted to "death penalty" sanctions only after appellant did not comply with previous
order). Beckey is an attorney licensed to practice in the State of New York, yet she refused, or
was unable, to familiarize herself with or to follow Texas procedural rules. She consistently
asserted that the filing of the motion for summary judgment and amended pleadings stayed
discovery and that her medical and financial records were privileged and confidential. She did
not, however, request an order to stay discovery until after deadlines had passed or file a motion
for protective order. See Tex. R. Civ. P. 166, 166b(5). Although she relied heavily on her
health as a reason to postpone discovery, she provided no evidence of her physical condition when
repeatedly asked to do so. Apparently, the documents she did produce were not responsive to the
Bank's discovery requests.

 The record before this Court supports the trial court's finding at the conclusion of
the September 17 hearing on Beckey's motion for new trial that she consistently indicated, by her
letters and pleadings, her intent to comply and then just as consistently did not comply. Beckey
persistently argued the merits of her claims when she was before the trial court on the many
motions filed in the proceeding. Portions of Beckey's letter of September 12 are indicative of her
attitude toward the discovery process:



I am writing to let you know that the real action is just getting started - New York
Wall Street style. You don't know me and you obviously do not know much about
commercial litigation. In the . . . class action case, we at the . . . firm literally
tried the $40 M stock fraud matter by deposition; there were at least 60 days of
depositions taken in four states over a period of two years.


. . . In the . . . case alone, we had 40 days of depositions, 40 motions and at least
100 court appearances, with most of the case the last 2 years being conducted
under court order.


If that is not the kind of life you want to lead maybe you should resign from this
case (or the practice of law?) while you are ahead. If the funds I am expecting
come forth as soon as promised, it is quite possible that I will be making this case
into a new career . . . .



 The parties did not dispute that the Bank incorrectly credited Beckey's account or
that Beckey wrote checks against that amount. Although the sanctions imposed prevented Beckey
from presenting the merits of her case, the trial court could properly presume, on the record
before the court, that any defenses Beckey would have raised would be meritless. We conclude
that the trial court did not violate the TransAmerican standards and did not abuse its discretion in
imposing sanctions. We overrule the third point of error.

 In her second point of error, Beckey complains of the trial-court award of
attorney's fees on the basis that a deposit agreement for payment of attorney's fees is against
public policy. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 1986). At the hearing
on the motion for entry of judgment, the Bank presented evidence of the amount and 
reasonableness of its attorney's fees. Beckey does not complain of the sufficiency of the evidence
to support the award of attorney's fees. Because we conclude that her sole argument is without
merit, we overrule point of error two.

 In her fourth point of error, Beckey argues that the trial court erred in denying her
motion for new trial and her motion to reconsider the denial of the motion for new trial. Based
on our disposition of the previous points of error, we conclude that the trial court did not abuse
its discretion in overruling Beckey's motion for new trial.

 Beckey also suggests that the time within which to hear her motion for
reconsideration of the overruling of the motion for new trial was extended because no judges were
available to hear the motion for reconsideration on the day that the motion for new trial was
overruled by operation of law. Texas Rule of Civil Procedure 329b does not provide for an
extension of time within which to hear a motion for new trial. Furthermore, Texas Rule of Civil
Procedure (5) expressly states, "The court may not enlarge the period for taking any action under
the rules relating to new trials except as stated in these rules." The deadline would have been
extended only if the last day of the seventy-five day period fell on a "Saturday, Sunday or legal
holiday, in which event the period runs until the end of the next day which is not a Saturday,
Sunday or legal holiday." Tex. R. Civ. P. 4.

 Under this point, Beckey also complains that the trial court erred in holding her in
contempt. Beckey does not direct us to, and we do not find, an order that finds her in contempt. 
Although the May 21 order granting sanctions contained language stating that Beckey was found
in contempt, the trial court lined through this language and initialed the deletions. Neither the
final judgment of July 6 nor the order modifying judgment of August 4 contains a finding of
contempt. Our review of the record does not show that the trial court found Beckey in contempt. 
We overrule point of error four. 

 The judgment of the trial court is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: May 18, 1994

Do Not Publish

1. [1]  The Bank mistakenly credited Beckey's account with a deposit of $21,040.45 instead of
$2,140.45, the amount of the check Beckey deposited. Beckey wrote checks against the account
balance, which included the extra amount of $18,900.00. After discovering the error, the Bank
sued to recover the amount of the overdrafts to the account.
2. [2]  The statement of facts from that April 16 hearing shows that a question existed as to whether
Beckey properly and timely filed the motion and set it for hearing. See Tex. R. Civ. P. 21 (every
motion shall be filed, in writing, with trial-court clerk), 166a(c) (motion shall be filed and served
at least twenty-one days before time specified for hearing); see also Owen Elec. Supply, Inc. v.
Brite Day Constr., Inc., 821 S.W.2d 283, 288 (Tex. App.--Houston [1st Dist.] 1991, writ denied)
(oral hearing on motion for summary judgment not necessary; court may consider motion on
written submissions). The record shows that a motion for summary judgment was filed with the
district clerk on May 6, heard on May 21, and overruled. The transcript includes only the trial
court's docket-sheet notation overruling the motion.
3. [3]  Beckey does not direct us to, and we do not find, any Texas authority for the proposition
that the filing of a motion for summary judgment stays discovery. See generally Tex. R. Civ. P.
166a(c); CBI Indus., Inc. v. National Union Fire Ins. Co., 860 S.W.2d 662, 665 (Tex.
App.--Houston [1st Dist.] 1993, writ granted) (Rule 166a(c) contemplates that trial court allow
reasonable opportunity for discovery before summary judgment). 
4. [4]  These boxes apparently represented all her business and personal records. It is unclear that
all of these records were included in the Bank's requests for production.
5. [5]  The trial court heard Beckey's motion for new trial on September 17. At the end of the
hearing, the court stated that the motion was overruled. The court did not sign an order until
October 21, more than seventy-five days after the signing of the order modifying judgment on
August 4. Accordingly, the motion for new trial was overruled by operation of law on October
19. Tex. R. Civ. P. 329b(c); Clark & Co. v. Giles, 639 S.W.2d 449, 449-50 (Tex. 1982).