TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00091-CV







David D. Du Vall, Appellant



v.



Travis County; John Dickson, District Clerk; Robert Patterson,


Administrator; and Stacy L. Suits, Constable, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 463,301, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING







PER CURIAM



 In 1989, appellant David D. Du Vall filed suit against appellees Travis County;
John Dickson, the Travis County District Clerk; Robert Patterson, the court administrator; and
Stacy L. Suits, Travis County Constable, (1) seeking damages for their actions relating to Du Vall's
pursuit of a personal injury lawsuit. In September 1994, appellees filed a motion to dismiss the
suit because Du Vall had not responded to their discovery requests or diligently prosecuted the
suit. Du Vall now appeals from the trial court's order dismissing his suit with prejudice. We will
reform and, as reformed, affirm the order of dismissal.

 Appellees sought dismissal of the suit on two bases: want of prosecution and
failure to respond to discovery requests. The motion to dismiss alleges that they twice mailed Du
Vall a set of interrogatories and a request for production. The first discovery requests were sent
by certified mail but were returned unclaimed. The second discovery requests, sent by first class
mail, were not returned; therefore, appellees assumed Du Vall received them. Approximately
three months after the second mailing, appellees notified Du Vall, by letter, that the time to
respond had expired and offered to extend the response time if Du Vall would contact them. Du
Vall did not respond.

 Du Vall responded that appellees had not asked the trial court to compel production
and that they should have discovered on their own that he did not have the documents requested. 
After a hearing, the trial court dismissed the cause with prejudice. The order does not state the
reason for its dismissal.

 In his second point of error, Du Vall contends that the trial court erred in
dismissing the cause for his failure to respond to appellees' discovery requests because the
sanction is excessive. See Tex. R. Civ. P. 215(2)(b)(5), (5). The choice of sanction for failure
to comply with discovery is a matter within the trial court's sound discretion; whatever sanction
a court imposes must be just under the circumstances. TransAmerican Natural Gas Corp. v.
Powerll, 811 S.W.2d 913, 917 (Tex. 1991); Thacker v. State, 852 S.W.2d 77, 80 (Tex.
App.--Austin 1993, writ denied). Two factors set the boundaries of discretion for sanctions to be
just: (1) a direct relationship must exist between the offensive conduct and the sanction imposed
and (2) the sanction imposed must not be excessive. Chrysler Corp. v. Blackmon, 841 S.W.2d
844, 849 (Tex. 1992); TransAmerican, 811 S.W.2d at 917.

 A sanction that, by its severity, prevents a decision on the merits of a case is not
justified absent bad faith or callous disregard for the responsibilities of discovery under the rules. 
Chrysler Corp., 841 S.W.2d at 849; TransAmerican, 811 S.W.2d at 918; Thacker, 852 S.W.2d
at 81. "Even then, lesser sanctions must first be tested to determine whether they are adequate
to secure compliance, deterrence, and punishment of the offender." Chrysler Corp., 841 S.W.2d
at 849 (emphasis added); see TransAmerican, 811 S.W.2d at 918 (trial court may presume claim
lacks merit if party fails to produce material evidence "despite the imposition of lesser sanctions");
Fletcher v. Blair, 874 S.W.2d 83, 86 (Tex. App.--Austin 1994, writ denied) (even if party acts in
bad faith or callous disregard, lesser sanctions must be tested to determine whether adequate to
secure compliance, deterrence, and punishment).

 In this instance, the record does not show that the trial court tested or considered
a lesser sanction before dismissing Du Vall's suit. When Du Vall did not respond to the discovery
requests, appellees did not seek to compel discovery but sought dismissal of the cause. See Tex.
R. Civ. P. 215(1). Accordingly, the dismissal of the suit with prejudice as a discovery sanction
was erroneous. See GTE Communications Sys. Corp. v. Tanner, 856 S.W.2d 725, 729 (Tex.
1993) (record must reflect trial court considered lesser sanctions); Fletcher, 874 S.W.2d at 85
(record must reflect some explanation to justify grant of death penalty sanction). We sustain Du
Vall's second point of error.

 In his first point of error, Du Vall asserts that the trial court erred in dismissing
his suit for want of prosecution with prejudice. A trial court has authority to dismiss a case for
want of prosecution pursuant to Texas Rule of Civil Procedure 165a and pursuant to its inherent
powers. Tex. R. Civ. P. 165a; Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976);
Olin Corp. v. Coastal Water Auth., 849 S.W.2d 852, 855 (Tex. App.--Houston [1st Dist.] 1993,
no writ). Dismissal is within the discretion of the trial court; an appellate court reviews the
dismissal for abuse of discretion. State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984). In
deciding whether the trial court abused its discretion, this Court determines whether the trial court
acted without reference to any guiding principles or whether the action was arbitrary or
unreasonable. Metropolitan Life Ins. Co. v. Syntek Fin. Co., 881 S.W.2d 319, 321 (Tex. 1994);
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985), cert. denied, 476
U.S. 1159 (1986).

 Du Vall seems to attack the dismissal as if based on his failure to appear at a
hearing. See Tex. R. Civ. P. 165a(1) (case may be dismissed on failure of party seeking
affirmative relief to appear for hearing of which party had notice). However, a trial court may
also dismiss a suit for want of prosecution when the case has not been prosecuted with due
diligence. Williams, 543 S.W.2d at 90; City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex.
App.--Houston [1st Dist.] 1992, no writ); see Tex. R. Civ. P. 165a(4) (dismissal procedures of
Rule 165a cumulative of rules and procedures governing other available procedures). Because
the order does not state the reason for dismissal, we must affirm on the basis of any legal theory
the record supports. Thomas, 838 S.W.2d at 297; Ozuna v. Southwest Bio-Clinical Lab., 766
S.W.2d 900, 901 (Tex. App.--San Antonio 1989, writ denied).

 As stated previously, a trial court has the inherent power to dismiss a case not
prosecuted with due diligence. Rotello, 671 S.W.2d at 508-9. When deciding whether to dismiss
a case, the court may consider the case's entire history, including the amount of activity, the
length of time the case has been on file, requests for a trial setting, and the existence of reasonable
excuses for delay. Id. at 509; Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 58 (Tex. App.--Houston
[14th Dist.] 1993, no writ). The transcript shows that Du Vall filed his first amended original
petition in August 1989 and that appellees filed their motion to dismiss alleging that Du Vall was
not diligent in prosecuting the suit in September 1994. Du Vall has not filed a statement of facts
from the hearing on the motion to dismiss. Based on this record, we conclude the trial court did
not abuse its discretion in dismissing the case for want of prosecution.

 However, the trial court did err in dismissing the case with prejudice. A dismissal
for want of prosecution is not an adjudication on the merits; therefore, the proper order is a
dismissal without prejudice and not a dismissal with prejudice. Attorney Gen. v. Abbs, 812
S.W.2d 605, 608 (Tex. App.--Dallas 1991, no writ); Melton v. Ryander, 727 S.W.2d 299, 303
(Tex. App.--Dallas 1987, writ ref'd n.r.e.). Appellees assert that a dismissal without prejudice
is appropriate only if the trial court has dismissed the case for failure to appear. See Tex. R. Civ.
P. 165a(1). Regardless of the reason for a dismissal for want of prosecution, the dismissal is not
an adjudication of the merits of the case. Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex. 1980);
Carter v. Charles, 853 S.W.2d 667, 672 (Tex. App.--Houston [14th Dist.] 1993, no writ). The
parties are merely placed in the position they were in before the case began. Id. Accordingly,
we sustain the portion of point of error one that complains of the dismissal with prejudice. The
remainder of the point of error is overruled.

 The order of dismissal is reformed to delete the language "with prejudice to refiling
the same." As reformed, the order of dismissal is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Reformed and, As Reformed, Affirmed

Filed: July 12, 1995

Do Not Publish

1. [1] Du Vall also sued Richard W. South, an attorney. Although South did not join in the
motion to dismiss, appellees sought, and the trial court granted, dismissal of the cause. Du Vall
does not complain that the dismissal of his claims against South was improper.