BODNOW CORPORATION, Petitioner,

v.

CITY OF HONDO, et al., Respondent.

No. C–5707.

Supreme Court of Texas.

Nov. 19, 1986.

Rehearing Denied Jan. 28, 1987.

James E. Ingram, E. Landers Vickery, McCamish, Ingram, Martin & Brown, San Antonio, for petitioner.

Doren R. Eskew, R. Douglas Muir, Eskew, Muir & Bednar, Austin, Charles J. Muller, III, Matthews & Branscomb, San Antonio, for respondent.

## OPINION

PER CURIAM.

The issue in this appeal is whether the trial court abused its discretion when it assessed joint and several monetary sanctions against the Bodnow Corporation for failing to comply with proper discovery requests. We hold that the trial court did.

Bodnow intervened in a lawsuit in which several parties (the "original plaintiffs") were seeking a refund of ad valorem taxes that they had paid to the City of Hondo and Hondo Independent School District. Bodnow only intervened against HISD. After granting summary judgment for the City and HISD, the trial court imposed two discovery sanctions on the plaintiffs. Bodnow appealed the summary judgment and the sanctions. In an unpublished opinion, the court of appeals reversed the summary judgment and affirmed the sanctions. Bodnow then appealed the sanctions to this court.

■ Discovery sanctions are not appealable until the trial court renders a final judgment. *Street v. The Second Court of Appeals,* 715 S.W.2d 638 (Tex.1986). Because the summary judgment rendered against Bodnow was a final judgment, the sanctions imposed on Bodnow were appealable.

A trial court may impose sanctions on any party that abuses the discovery process. TEX.R.CIV.P. 215. The discovery sanctions imposed by a trial court are within that court's discretion and will be set aside only if the court clearly abused its discretion. *Id.* A trial court abuses its discretion if the sanction it imposes does not further one of the purposes that discovery sanctions were intended to further. *Id.* The purposes of discovery sanctions are to: (1) secure the parties' compliance with the rules of discovery, *Ebeling v. Gawlik,* 487 S.W.2d 187, 190 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); (2) deter other litigants from violating the discovery rules, *Downer v. Aquamarine Operations, Inc.,* 701 S.W.2d 238 (Tex.1985); and (3) punish parties that violate the rules of discovery, *Jarrett v. Warhola,* 695 S.W.2d 8 (Tex.Civ.App.—Houston [14th Dist.] 1985, writ ref'd).

■ In this case, the trial court's first sanction made Bodnow and the original plaintiffs jointly and severally liable for $15,573 of HISD's discovery expenses and $7,054 of the City's discovery expenses. The trial court imposed joint and several liability because both Bodnow and the original plaintiffs abused the discovery process and each party's abuse contributed to HISD and the City's discovery expenses. However, by imposing joint and several liability, the trial court made Bodnow liable for expenses that were caused solely by the original plaintiffs' misconduct. Making a party liable for discovery expenses that are caused by another party's misconduct does not further any of the purposes that discovery sanctions were intended to further. Thus, the trial court abused its discretion when it imposed joint and several liability for the first sanction.

■ The trial court's second sanction made each plaintiff that appealed the first sanction jointly and severally liable to HISD for a portion of the appellate costs that HISD and the City incurred defending the first sanction. This second sanction makes Bodnow liable for the City and HISD's appellate expenses even though the first sanction has been reversed. Making a sanctioned party pay the costs that another party expends defending the sanction on appeal does not further the recognized purposes of discovery sanctions unless the appealed sanction is upheld. Thus, the trial court should have provided that Bodnow would not be liable for the City and HISD's appellate expenses unless the first sanction was eventually upheld. Because the trial court did not condition Bodnow's liability in this manner, the second sanction was an abuse of that court's discretion.

Therefore, because the sanctions imposed by the trial court were contrary to the TEX.R.CIV.P. 215(2)(b) requirement that they be just, we grant Bodnow's application for writ of error. Pursuant to TEX.R.APP.P. 133(b), without hearing oral argument, we reverse the judgment of the court of appeals and remand this cause to the trial court for further consideration of the imposition of sanctions against Bodnow.