The CITY OF COLLEYVILLE, TEXAS, Appellant,

v.

Marie POWELL, Appellee.

No. 2–92–094–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 12, 1993.

Rehearing Overruled Feb. 23, 1993.

Foster & Brewer, Ross T. Foster, Fort Worth, for appellant.

John D. Exline, Dallas, for appellee.

Before HILL, FARRIS and LATTIMORE, JJ.

## OPINION

HILL, Justice.

The City of Colleyville appeals from the trial court's post-judgment order that it reimburse Marie Powell, the appellee, for the fees of her experts whose depositions were taken by the City, plus her attorney's fees incurred in obtaining the court order. In eight points of error, the City contends that the trial court erred or abused its discretion in ordering the payment of these fees.

We affirm because the trial court had authority to order the City to pay Powell's expert fees and because the trial court did not abuse its discretion in awarding Powell her attorney's fees, since the City abused the discovery process by not paying Powell's expert fees, requiring her to file and obtain the court's ruling on her motion.

The City contends in points of error numbers one through four that the trial court erred in ordering the City to pay Powell's expert fees because: (1) the trial court had no authority to do so; (2) Powell's motion for the payment was untimely; (3) Powell waived any right to recover the fees; and (4) Powell made no allegation that the payment of the fees was necessary to protect her from undue burden, unnecessary expense, harassment, or annoyance. In point of error number five, the City contends that the trial court abused its discretion in ordering the City to pay Powell's expert fees.

Powell brought suit against the City and others based on an alleged diversion of water. While the case was pending, the City took depositions of Powell's experts. After the City and numerous other defendants obtained a summary judgment that Powell take nothing in her suit, Powell filed a motion that the City pay the expert fees for her experts whose depositions it had taken, plus her attorney's fees that she incurred when obtaining the order.

■ Rule 3.11 of the Tarrant County Local Rules is styled, "Deposition Guidelines." Rule 3.11(a)(4) provides, in its pertinent part, "Unless the parties through their attorneys otherwise agree, fees charged by an expert for giving of deposition testimony shall be paid by the party requesting the deposition." TARRANT CTY.LOC.R. 3.11(a)(4). We hold that in ordering the City to pay Powell's expert fees for the City's deposition, the trial court was doing nothing more than carrying out the intent of the local rules.

■ The City urges that the trial court lacked the authority to order its compliance

with the local rule because Powell failed to file a timely and proper motion for protective order. The City contends that if the local rule is interpreted to mean that Powell is entitled to obtain her expert fees without timely and properly filing such a motion, then the rule is invalid because it is in conflict with TEX.R.CIV.P. 166b.

We hold that because of the local rule, Powell could foresee no need to file a motion for protective order. Because the City and her attorney had not agreed that she would pay the fee, and the City had made no motion to require that she pay the fee, she could only assume that the City would pay the fee. It was only after the City refused to pay the fee that her need to obtain relief from the court became apparent. We therefore decline to accept the City's position that her motion was untimely. The City failed to complain at the hearing of any failure of Powell's pleadings to allege that the relief sought was necessary to protect her from undue burden, unnecessary expense, harassment, or annoyance. Having failed to do so, the City cannot complain of that failure for the first time on appeal. TEX.R.APP.P. 52(a). We therefore need not review the City's claim that her motion was improper.

We also do not find this procedure to be inconsistent with the protective order scheme of rule 166b of the Texas Rules of Civil Procedure. Consequently, we hold that the trial court did not abuse its discretion in ordering the City to pay the expert fees of those experts whose deposition it took preceding trial. We overrule points of error numbers one through five.

■ The City argues in points of error numbers six through eight that the trial court abused its discretion in awarding Powell her attorney's fees for making the motion requiring the City to pay her expert fees because there is no basis or authority for such an award.

Rule 215(3) of the Texas Rules of Civil Procedure provides, in part, for sanctions, including the award of attorney's fees, in the event a party is abusing the discovery process in seeking, making, or resisting discovery. The City, having failed to either enter into an agreement that Powell would pay the expert fees or ask the court to require her to pay the fees, and then having failed to pay the fees itself as contemplated by the local rule, abused the discovery process. Consequently, the trial court did not abuse its discretion in awarding Powell her attorney's fees.

■ The City urges that sanctions may only be imposed for the abuse of discovery under the provisions of the Rules of Civil Procedure, and not for the violation of the guidelines set forth in the Tarrant County Local Rules. We hold that discovery provisions of local rules, so long as they are not inconsistent with the provisions of the Texas Rules of Civil Procedure, constitute a part of the discovery process contemplated by those rules, so that they may be taken into consideration when determining whether a party has abused the discovery process.

The City relies on the cases of *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839 (Tex.1986) (per curiam) and *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). We have examined both of those opinions and find neither to be inconsistent with our determination of the issue before us. We overrule points of error numbers six through eight.

The trial court's order is affirmed.