THACKER-final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-445-CV





LESLIE THACKER DBA LESLIE THACKER CHILD PLACEMENT AGENCY,



 APPELLANT


vs.





STATE OF TEXAS AND TEXAS DEPARTMENT OF HUMAN SERVICES,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 492,223, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 






 Leslie Thacker dba Leslie Thacker Child Placement Agency appeals from a "death
penalty" sanction for discovery abuses. The district court struck all Thacker's pleadings, rendered
a default judgment granting a permanent injunction, and ordered her to pay expenses the appellees
incurred as a result of her abuses. We will affirm the trial court's judgment.



BACKGROUND


 The State of Texas and the Texas Department of Human Services (collectively, "the
Department") initiated this cause against Leslie Thacker, individually, and Leslie Thacker dba
Leslie Thacker Child Placement Agency alleging violations of the minimum standards for child-placement agencies. See Tex. Hum. Res. Code Ann. §§ 42.001-.077 (West 1990). The
Department sought temporary and permanent injunctions to bar Thacker from child-placement
activities. See Tex. Hum. Res. Code Ann. § 42.074 (West 1990). After a contested hearing, the
district court rendered a temporary restraining order and set the cause for a hearing on whether
temporary injunction should issue.

 After some initial discovery by the Department, including a deposition of Thacker,
the parties reached a tentative settlement agreement. Thacker agreed to relinquish her child-placement agency license, withdraw from all pending litigation involving adoptions, and cease all
child-placement operations in exchange for the Department's dismissal of this cause. When
Thacker failed to honor any of her agreements, the agreement fell through, and the Department
attempted to complete its discovery in preparation for trial. Thacker apparently refused to
cooperate with the Department, and the Department ultimately sought sanctions pursuant to Tex.
R. Civ. P. 215.

 The district court conducted several hearings concerning discovery and sanctions. 
At the first hearing, as a sanction for failing to appear at her scheduled deposition, the court
rendered an order for temporary injunction barring Thacker from the child-placement business.

 The second hearing involved a perceived conflict between orders in this cause and
orders rendered by a district-judge in Harris County. The district court resolved this conflict and
ordered that certain documents the Harris County district attorney had seized pursuant to a search
warrant be placed in the constructive custody of the court ("custodia legis") when released by the
district attorney. The court designated the Department's counsel as an officer of the court to
receive these documents. 

 A Houston attorney, who represented Thacker in related criminal proceedings,
intercepted and detained these documents. The Department brought a motion for sanctions
complaining this was a violation of the court's order and alleging other discovery abuses. Thacker
failed to appear at the hearing, and the court rendered a permanent injunction by default. On
Thacker's motion, however, the court vacated its order and granted a new trial.

 The Department and Thacker each urged motions for sanctions. After a contested
hearing, the district court determined that Thacker had not complied with her discovery
obligations. The court ordered her to produce the requested records within ten days and to
explain her actions by affidavit. The court barred Thacker from conducting any discovery until
she complied with the court's order. The court ordered that Thacker be charged the additional
costs the Department incurred in securing the documents the Harris County district attorney has
seized. The court took under advisement the Department's request to strike Thacker's pleadings
and to grant a permanent injunction by default. The court extensively explained what it expected
of Thacker from the bench and stated that it reserved the right to impose more severe sanction if
the court was not satisfied with Thacker's explanations or her compliance with its orders.

 Thacker produced some additional documents and filed an affidavit. The
Department, believing that she had not fully complied with the order, objected and the district
court conducted further hearings. When Thacker failed to explain satisfactorily her continued
refusal to comply with the order, the court struck her pleadings, granted a permanent injunction
by default, and ordered her to pay the Department's costs resulting from her abuses. In its order,
the district court found that Thacker had "knowingly and intentionally and flagrantly disregarded
her obligations with respect to discovery in this matter."

 Thacker brings three points of error contending that the trial court erred in (1)
rendering a permanent injunction as a "death penalty" sanction, (2) awarding monetary damages,
and (3) rendering an impermissibly broad permanent injunction.



DISCUSSION AND HOLDING


 Thacker's first two points of error complain of the "death penalty" sanctions and
the monetary damages. We note initially that Thacker is a licensed Texas attorney and a certified
public accountant who could not credibly claim ignorance of the discovery rules, the sanctions
available for discovery abuses, or the significance of the documents in her possession and control.

 The Department alleged that Thacker refused, without excuse, both to attend a
scheduled deposition and to produce documents properly requested by subpoena duces tecum, and
that she altered a document subject to the subpoena duces tecum and destroyed other documents. 
Specifically, the Department alleged that Thacker failed to produce and concealed the existence
of two key documents, her business check register and a code index linking birth mothers, babies,
and adoptive parents.

 The Department also urged that Thacker's Houston attorney violated the district
court's order that all the records seized by the Harris County district attorney were to be placed
in custodia legis upon release when he intercepted the documents and retained them for five days. 
Finally, the Department alleged that Thacker violated the district court's order to produce all
documents requested in the subpoena duces tecum by withholding documents including (1) records
of four business bank accounts, (2) canceled checks paid to a particular birth mother, (3) current
bank records, (4) telephone records, and (5) relevant travel records.

 In her affidavit, Thacker attempted to discount the significance of the check register
and the code index, explained the document alterations as "updating," and admitted destroying
some documents but claimed she believed they were no longer needed. Thacker also admitted that
she had additional business records in her possession that she had not produced. She offered only
the excuse that she did not know what she was obligated to produce.

 While the parties dispute the facts underlying the district court's order, we believe
that the resolution of these contested fact issues lies within the purview of the trier-of-fact. 
Bodnow Corp. v. City of Hondo, 721 S.W.2d 839, 840 (Tex. 1986); Nelson v. Jordan, 663
S.W.2d 82, 86 (Tex. App.--Austin 1983, writ ref'd n.r.e.).

 Rule 215 specifically authorizes the sanctions the district court imposed. See Tex.
R. Civ. P. 215(2)(b)(2), (5). The Texas Supreme Court has set out the standards for reviewing
discovery sanctions in Transamerican Natural Gas Corp. v. Powell, 811 S.W.2d 913 (Tex. 1991). 
The choice of which sanction to apply is within the sound discretion of the trial court; however,
the sanctions imposed must be just. Transamerican, 811 S.W.2d at 917; Bodnow Corp., 721
S.W.2d at 840 (Tex. 1986).

 A direct relationship must exist between the offensive conduct and the sanction
imposed. Transamerican, 811 S.W.2d at 917. The sanction must be directed against the abuse
and toward remedying the prejudice to the other party. Id. The sanction must also punish the
offender; the court must attempt to determine whether the client, her counsel, or both caused the
abuse. Id.

 Thacker's discovery abuses appear to have concealed evidence essential to the
Department's case and frustrated the prosecution of the action. The district court stated from the
bench that "[t]hese are things right at the heart of the lawsuit against you, about the misconduct
they claim you've been doing in the adoption business." The court expressly found that the abuses
were committed "knowingly" and "intentionally" and that Thacker "flagrantly disregarded her
obligations with respect to discovery." The trial court could reasonably find that the abuses, if
unpunished, would directly affect the merits of the entire case. The monetary sanction was a
reimbursement of a portion of the Department's expenses caused by the abuses. We conclude that
the trial court could reasonably find a direct relationship exists between Thacker's actions and the
sanctions ultimately imposed against her. The sanctions were also properly imposed against
Thacker rather than her attorneys. As the district court stated from the bench, Thacker "was the
real culprit here."

 The sanction must not be excessive; the punishment must fit the crime. Id. The
sanction should be no more severe than necessary to satisfy its legitimate purposes. Id. The court
must consider less severe sanctions and whether such lesser sanctions would fully promote
compliance. Id. The purposes of discovery sanctions are to (1) secure the parties' compliance
with the rules of discovery, (2) deter other litigants from violation of the discovery rules, and (3)
punish parties that violate the discovery rules. Bodnow Corp., 721 S.W.2d at 840.

 Sanctions which are so severe as to preclude presentation of the merits should not
be assessed absent flagrant bad faith or callous disregard for discovery obligations. 
Transamerican, 811 S.W.2d at 918.



Discovery sanctions cannot be used to adjudicate the merits of a party's claims or
defenses unless a party's hindrance of the discovery process justifies a presumption
that its claims or defenses lack merit. However, if a party refuses to produce
material evidence, despite the imposition of lesser sanctions, the court may
presume that an asserted claim or defense lacks merit and dispose of it.



Id. (citations omitted).

 The sanctions imposed in this cause, while of the most severe nature, are not
excessive. The discovery abuses were multiple, continuing, and in complete disregard of orders
of the district court. The court repeatedly gave Thacker "second chances" to comply with its
orders and with her discovery obligations in general, gave her several opportunities to raise any
objections or explanations, imposed several lesser sanctions, and explicitly ordered her to comply
with discovery. When the court imposed lesser sanctions, it took under advisement the
Department's requests to strike Thacker's pleadings and to render default judgment. Only after
Thacker had failed to comply with its order did the court resort to "death penalty" sanctions.

 The sanctions imposed advance the purposes of discovery sanctions and are not
excessive under the circumstances. The trial court determined that Thacker had refused to comply
with discovery despite numerous opportunities. Moreover, lesser sanctions the court imposed
previously were unsuccessful.

 In a case Thacker cited for its reversal of a "death penalty" sanction, the court
expressly approved actions similar to those taken in this cause:



[T]he trial court could have ordered [appellant] to answer the three interrogatories,
stating in the order that his failure to do so would result in his pleading being
stricken and his case being dismissed; if [appellant] failed to comply with that
order, with full notice of the "death penalty" consequences, we believe that
sanctions would be appropriate.



Jaquez v. Texas Employers Ins. Ass'n, 816 S.W.2d 129, 131 (Tex. App.--Houston [1st Dist.]
1991, no writ).

 Although the sanctions prevented Thacker from presenting her case on the merits,
we conclude that the abuses were so severe that the trial court could apply the presumption that
any defenses she would have raised would be meritless. The district court found that by her
knowing and intentional abuses, Thacker concealed material evidence in flagrant disregard of
known obligations and court orders. We conclude that the district court did not abuse its
discretion and that the sanctions do not violate the Transamerican standards. Accordingly, we
overrule Thacker's first and second points of error.

 In her third point of error, Thacker claims that the permanent injunction rendered
by the district court is impermissibly broad in that it impinged upon her rights as a licensed
attorney to practice law and upon her rights as an individual.

 Thacker argues that the injunction enjoins her from the following lawful actions of
an attorney: (1) representing birth parents or adoptive parents; (2) securing relinquishments of
parental rights; (3) receiving compensation for legal services in connection with adoptions; (4)
acting as an intermediary in an adoption; and (5) facilitating contacts between birth mothers and
adoptive parents. We disagree.

 Although the practice of law may involve all of the these activities, to the extent
any activity falls within the scope of Texas Human Resources Code chapter 42, it is subject to the
licensing and regulation of the Department, even if the actor is otherwise a licensed attorney. See
Tex. Hum. Res. Code Ann. §§ 42.002(12), .041(a) (West 1990).

 The injunction is expressly limited so as not to infringe upon Thacker's right to
continue the practice of law. The injunction states that it does not enjoin Thacker from the
practice of law so long as such activity does not include "placing a child for adoption or planning
for the placement of a child for adoption." The legal activities Thacker cites are barred by the
injunctive order only to the extent they involve child-placement or acting as a broker or
intermediary for child-placement. These activities may not be undertaken without a Department
license. Thacker is explicitly allowed to refer individuals who seek child-placement services to
licensed child-placement agencies, the Department, or other governmental entities. We conclude
that the permanent injunction does not exceed the regulatory authority of the Department or
infringe upon Thacker's right to practice law.

 Thacker also argues that the injunction is invalid because it prohibits her from
asserting her legal rights in court and from asserting the attorney-client privilege in Department
complaint investigations. We disagree. The injunction requires Thacker to withdraw only from
pending cases in which she is acting as a child-placement agency. The regulation of these
activities is within the scope of the Department's authority and this provision of the injunction
does not prohibit her from asserting other legal rights in court. The injunction bars the assertion
of the attorney-client privilege only in investigations by the Department of any complaint that
Thacker is engaging in child-placement activities in violation of the permanent injunction. The
purpose of this provision is to prevent Thacker from frustrating any such investigations. The
attorney-client privilege may apply only in connection with the rendition of legal services. Tex.
R. Civ. Evid. 503. Communications for other purposes are not protected merely because one of
the parties is licensed to practice law. See Clayton v. Canida, 223 S.W.2d 264, 266 (Tex. Civ.
App.--Texarkana 1949, no writ). To the extent Thacker provides only child-placement services,
she is not serving as an attorney and the attorney-client privilege does not apply. We conclude
that the limited restraint on the attorney-client privilege does not make the permanent injunction
impermissibly broad. We overrule Thacker's third point of error.



CONCLUSION


 Having overruled Thacker's points of error, we affirm the district court's judgment.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: April 14, 1993

[Publish]