TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00449-CV







Stefan Lukacin, Appellant



v.



Romana E. Lukacin, Appellee








FROM THE DISTRICT COURT, TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 9409016, HONORABLE JOSEPH HART, JUDGE PRESIDING








 Appellant, Stefan Lukacin, appeals from the trial court's division of property in a
divorce action. He complains of the trial court's imposition of discovery sanctions and contends
that the trial court erred by awarding reimbursement to appellee, Romana Lukacin, for her
payment of community debt. We will affirm the district court's judgment.



BACKGROUND


 On August 29, 1994, Ms. Lukacin served Mr. Lukacin with interrogatories, a
request for production of documents, and a request for admissions. Mr. Lukacin's responses to
these requests were due by October 3, 1994. He failed to respond or object to the requests by the
deadline. On October 10, 1994, Ms. Lukacin extended the time for Mr. Lukacin to respond to
discovery to October 14, 1994. Mr. Lukacin again failed to comply with the deadline. On
October 20, 1994, Ms. Lukacin filed a motion to compel discovery and for sanctions; the court
set the matter for hearing on October 28, 1994.

 On October 28, 1994, the trial court held a hearing. Mr. Lukacin's attorney at the
time took full responsibility for the failure to respond to discovery. Consequently, the trial court
ordered Mr. Lukacin's attorney to pay $500 in attorney's fees. Additionally, the court required
Mr. Lukacin to respond with full and complete answers to the interrogatories by 5:00 p.m.,
November 1, 1994. Again, Mr. Lukacin failed to provide a response by the deadline. On
November 2, 1994, Mr. Lukacin finally provided incomplete answers to some of the
interrogatories. 

 Ms. Lukacin filed a second motion for sanctions and the court held a hearing on
the motion on November 4, 1994. The trial court found that Mr. Lukacin failed to timely respond
to Ms. Lukacin's requests for admissions and that such matters were deemed admitted as a matter
of law. Additionally, the court struck any unanswered interrogatories and those answers that it
found grossly inadequate and insufficient. Accordingly, the court ordered that Mr. Lukacin could
not offer proof on any issues covered by the stricken interrogatories and limited proof presented
at trial only to those interrogatories not stricken. Further, the trial court ordered that Mr. Lukacin
could not supplement any answers. 

 After obtaining a new lawyer, Mr. Lukacin filed a motion to reconsider and modify
discovery sanctions. On December 16, 1994, the parties held a third hearing before the trial
court. The trial court undeemed the admissions that it had previously deemed admitted against
Mr. Lukacin, but left in place its ruling as it pertained to Mr. Lukacin's answers to
interrogatories. Consequently, Ms. Lukacin did not submit her motion for summary judgment
prepared on the basis of the deemed admissions.



DISCUSSION AND HOLDING


 In Mr. Lukacin's first and second points of error, he contends that the trial court
erred in excluding evidence based on the discovery sanctions. He asserts that excluding the
evidence on the stricken interrogatories amounted to a "death penalty" sanction because it led to
the court characterizing all major assets as Ms. Lukacin's separate property. Ms. Lukacin
disagrees with this suggestion because the sanctions here are not the sanctions specifically
characterized as death penalty sanctions under Rule 215(b)(5) of the Texas Rules of Civil
Procedure. The sanctions imposed by the district court were severe, but they did not deny Mr.
Lukacin the opportunity to litigate his claims on the merits. He was able to proceed to trial and
to present evidence contesting the claims asserted by Ms. Lukacin. While Mr. Lukacin contends
that the division of property in favor of Ms. Lukacin underscores the death penalty nature of the
sanctions, he does not address the fact that the majority of property was Ms. Lukacin's separate
property prior to the marriage. We decline to base the characterization of the sanctions on the
result of the trial. Simply because the issues were not resolved in his favor does not make the
sanctions imposed by the trial court determinative. 

 The standard of review for a trial court's imposition of discovery sanctions is abuse
of discretion. Bodnow Corp. v. City of Hondo, 721 S.W.2d 839, 840 (Tex. 1986). The test for
abuse of discretion is whether the court acted without reference to any guiding rules and
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-242 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986). In other words, the reviewing court must determine whether the
trial court's action was arbitrary or unreasonable. See id. at 242. The scope of review in
determining whether the trial court abused its discretion extends to all the circumstances of record
in the case. See Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984). The trial
court is given the broadest discretion in choosing and imposing appropriate discovery sanctions. 
See Downer, 701 S.W.2d at 241.

 Having concluded that the sanctions were not death penalty sanctions, to determine
if the trial court abused his discretion, we must ask whether the discovery sanctions were just. 
TransAmerican v. Powell, 811 S.W.2d 913, 917 (Tex. 1991). Whether an imposition of
discovery sanctions is just is measured by two standards. First, a direct relationship must exist
between the offensive conduct and the sanction imposed. Second, the sanction imposed must not
be excessive. Id.

 The first prong of TransAmerican requires that the sanction be directed against the
abuse and toward remedying the prejudice inflicted on the innocent party. Such a sanction should
be visited only upon the offender--counsel, the party, or both. Id. In the present case, the district
court first imposed sanctions on the offending party, Mr. Lukacin's attorney. However, as Mr.
Lukacin continually failed to comply with discovery deadlines, the court directed the subsequent
sanctions at him directly. When he did finally respond, his answers were incomplete and
nonresponsive. The district court properly directed the sanctions toward his repeated discovery
abuses.


 The second prong of the TransAmerican test requires that a discovery sanction not
be excessive in relation to the abusive conduct. The sanction should be no more severe than
necessary to satisfy its legitimate purposes, and the trial court should consider the availability of
less stringent sanctions to promote compliance. One of the purposes of discovery sanctions is to
secure the parties' compliance with the rules of discovery. Bodnow Corp., 721 S.W.2d at 840.

 Before striking Mr. Lukacin's answers, the trial court considered lesser sanctions
in an effort to secure compliance. At the first hearing, the trial court imposed sanctions directly
on Mr. Lukacin's attorney and set a new deadline for Mr. Lukacin's compliance. As Mr. Lukacin
repeatedly refused to meet the deadlines, the trial court escalated its sanctions to directly address
his failure to comply. At the third hearing, the court reevaluated the sanctions and undeemed the
admissions formerly deemed against Mr. Lukacin in an effort to target the sanctions directly at
the abuse. The court gave Mr. Lukacin every opportunity to comply with discovery, but
eventually was left with no choice but to impose further sanctions. 

 Mr. Lukacin contends that a major consideration in reviewing discovery sanctions
is the extent to which the discovery non-compliance "ambushed" or "surprised" the opposing
party, or whether the opposing party had already obtained the information in other ways. He
claims that Ms. Lukacin was not ambushed at trial by his failure to respond to interrogatories
because she had already obtained all the information she requested at his deposition. However,
the fact that Ms. Lukacin could have found this information in the deposition does not alleviate
Mr. Lukacin's responsibility to comply with discovery orders. See Alvarado v. Farah Mfg. Co.,
830 S.W.2d 911, 914-15 (Tex. 1992). Indeed, the very benefit of submitting interrogatories is
to avoid the cumbersome task of sifting through all the documents to find those pertinent to a
particular issue. We hold that the discovery sanctions imposed by the trial court were in direct
relationship to the offensive conduct and that the sanctions were not excessive. Accordingly, the
district court did not abuse its discretion in imposing discovery sanctions and we overrule Mr.
Lukacin's first and second points of error.

 In Mr. Lukacin's fifth point of error, he contends that the trial court erred in
granting Ms. Lukacin a $10,000 judgment as reimbursement for separate funds expended on
community debts. Mr. Lukacin's claim is based on the rule that a separate estate is not entitled
to reimbursement for separate funds expended for ordinary living expenses. See, e.g., Norris v.
Vaughn, 260 S.W.2d 676, 683 (Tex. 1953). In order to preserve error for appellate review, Mr.
Lukacin was required to present to the trial court a timely request, objection, or motion stating
the specific grounds for the objection. See Tex. R. App. P. 52(a); see also Rosen v. Rosen, 792
S.W.2d 277, 279 (Tex. App.--Houston [1st Dist.] 1990, no writ). Mr. Lukacin did not object to
the trial court's decree and therefore waived his point of error. Although Mr. Lukacin filed a
motion for new trial, Mr. Lukacin's ground for a new trial alleges only "numerous errors of law
and insufficient evidence." The Texas Rules of Civil Procedure require that each point relied
upon in a motion for new trial be designated in such a way that the complaint can be clearly
identified and understood by the trial court. See Tex. R. App. P. 321. Mr. Lukacin's motion did
not clearly identify which errors of law he was complaining of and therefore did not give the trial
court a chance to correct its own ruling. Accordingly, Mr. Lukacin's fifth point of error is
waived.

 Even if we considered this point of error on the merits, we would not disturb the
trial court's distribution of reimbursement in the division of property. The rule of reimbursement
is purely an equitable one. Vallone v. Vallone, 644 S.W.2d 455, 458 (Tex. 1983). 
Reimbursement is not available as a matter of law, but lies within the discretion of the trial court. 
Id. at 459. Section 3.63 of the Texas Family Code affords the trial court wide latitude and
discretion in dividing the community estate of the parties upon dissolution of their marriage. Tex.
Fam. Code § 3.63 (West 1993); see also Vallone, 644 S.W.2d at 460. In reviewing the actions
of the trial court, the appellate court will presume that the trial court exercised its discretion
properly. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981). The judgment of the trial court will
not be reversed unless the evidence as a whole demonstrates that the trial court abused its
discretion in concluding that the property has been divided in a manner that is just and fair. 
Wallace v. Wallace, 623 S.W.2d 723, 726 (Tex. App.--Houston [1st Dist.] 1981, writ dism'd).

 The decree erroneously awards Ms. Lukacin reimbursement on the basis of separate
funds expended on community expenses. Norris, 260 S.W.2d at 683. However, we must look
at the overall division of the property by the trial court in order to determine whether the division
can stand. Ms. Lukacin in her pleadings specifically stated:



Should the Court determine that the community estate and Respondent's separate
estate are insufficient to reimburse Petitioner's separate estate for Petitioner's
separate funds and assets that were wasted by Respondent, Petitioner requests a
monetary judgment against Respondent for reimbursement for these funds and
assets.

 


See Vallone, 644 S.W.2d at 459 (party claiming right to reimbursement must seek reimbursement
in pleadings). The unchallenged findings of fact support an award based on this plea for
reimbursement for assets wasted. A finding of fact made by the trial court states: 



20. Respondent's management of Petitioner Romana E. Lukacin's separate
property funds yielded a net loss to Petitioner's separate property estate in excess
of $10,000.



This finding of fact specifically supports the award of $10,000 in reimbursement to Ms. Lukacin. 
Since Mr. Lukacin was responsible for a loss to her separate estate in excess of $10,000, the
reimbursement award by the trial court was just and fair. The trial court accordingly did not
abuse its discretion in its division of property.

 In his third and fourth points of error, Mr. Lukacin attacks the legal and factual
sufficiency of the trial court's determination that Ms. Lukacin used separate funds to pay
community debts incurred on credit cards. While Mr. Lukacin asserts that the evidence does not
show that Ms. Lukacin paid the credit card debts with her separate property, the divorce decree
specifically provides for reimbursement based on debt in general. Having determined that the
erroneous award of reimbursement on this ground does not amount to an abuse of discretion
because the findings of fact support reimbursement in the same amount on other proper grounds,
we need not address points of error three and four.

 In Mr. Lukacin's sixth point of error, he contends that the trial court erred in not
expressly conditioning Ms. Lukacin's award of appellate attorney's fees on him making an
unsuccessful appeal. Because the appeal by Mr. Lukacin was unsuccessful, this point of error is
moot.

 Finding no reversible error, we affirm the trial court's judgment. 



 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: June 26, 1996

Do Not Publish