Opinion issued May 19, 2005


     








In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00048-CV




ANTONIA POLOS, INDIVIDUALLY, AND AS TRUSTEE OF POLOS
FAMILY LIVING TRUST, Appellant

V.

GEORGE POLOS AND JOHN POLOS, Appellees




On Appeal from the Probate Court No. 3
Harris County, Texas
Trial Court Cause No. 301770-401




MEMORANDUM OPINION

          Appellant, Antonia Polos, in her individual capacity and as Trustee of the Polos
Family Living Trust (Trust), appeals the trial court’s order imposing death penalty
sanctions against her. In two issues, appellant argues that the trial court abused its
discretion in striking her pleadings and defenses because (1) the sanction for failing
to create an accounting was impermissible and (2) the death penalty sanction violated
the standards established in TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d
913, 917–918 (Tex. 1991) (orig. proceeding).
Background
          Appellant and Charles Polos created the Trust in December 2002. Charles died
in 1997, leaving appellant as the sole trustee of the Trust. In June of 2000, appellant
wrote George Polos (one of the appellees) and asked him to execute an Assignment
of Interest in the Trust. In September 2001, George’s attorney sent appellant a
written request for a full copy of the Trust and an accounting of the Trust’s assets,
income, expenses and distributions beginning with the date of Charles’ death up until
the date of appellant’s response. George stated that he would wait until October 1,
2001, for appellant’s response before taking further legal action.
          On January 7, 2002, George and John Polos, appellees, filed suit in the 152nd
District Court of Harris County. Appellees sought to compel an accounting under the
provisions of section 113.151 of the Texas Trust Code.


 The suit was later amended
to include a claim for breach of fiduciary duty, injunctive relief, damages, attorney’s
fees, and removal of appellant as trustee of the Trust. In March 2002, appellant filed
an Application for Issuance of Letters of Administration in Probate Court Number 3. 
Appellant also filed a Motion to Transfer Cause of Action Appertaining or Incident
to this Estate to transfer appellees’ suit from the district court into the probate court. 
The transfer was granted and the Trust and probate actions were consolidated in the
probate court.
          On June 4, 2002, appellees served appellant with Contestants’ Interrogatories
to Proponent and with Contestants’ Request for Disclosure Under T.R.C.P. 194, both
regarding the probate litigation. On June 11, 2002, appellees served on appellant
Plaintiff’s Request for Disclosure, Plaintiff’s Request for Production, and Plaintiff’s
Interrogatories Under T.R.C.P. 194, regarding the Trust litigation. On July 1, 2002,
appellant and appellees entered into the first Rule 11


 agreement to extend the time
for appellant’s answers to both sets of discovery. The parties agreed on an August
7, 2002 discovery deadline for appellant’s discovery answers regarding the Trust
litigation. The parties also agreed on an August 14, 2002 discovery deadline for
appellant’s answers regarding discovery for the probate litigation. Appellant failed
to meet both deadlines.
          On August 26, 2002, appellees filed Contestants’ Motion to Compel relative
to the probate component of the July 1, 2002 Rule 11 agreement. Appellees
requested that the trial court order appellant to file full and complete responses to the
discovery requests, and they requested attorney’s fees as sanctions. The trial court
granted the motion and ordered appellant to respond to Contestants’ Request for
Disclosure and Interrogatories by October 24, 2002. The trial court also ordered
appellant to pay appellees $500 for attorney’s fees incurred in preparing and attending
the hearing on the motion. 
          On October 11, 2002, appellees filed Plaintiffs’ Motion to Compel relative to
the Trust component of the July 1, 2002 Rule 11 agreement. Appellees requested that
the trial court order appellant to file full and complete responses to the discovery
requests. Appellees also sought attorney’s fees. The trial court granted the motion
to compel and ordered appellant to respond to Plaintiff’s Request for Disclosure,
Plaintiff’s Request for Production, and Plaintiff’s Interrogatories Under T.R.C.P. 194
by December 9, 2002. The trial court also ordered appellant to pay appellees $500
for attorney’s fees incurred in preparing and attending the hearing on the motion.
          Appellant did not comply with either of the trial court’s orders that granted the
motions to compel until February 2003. On February 7, 2003, appellant filed her
Responses to Request for Disclosure; Responses to First Set of Interrogatories;
Responses to Requests for Admissions;


 and Responses to Requests for Production. 
Appellant’s responses were well beyond the October 24, 2002 and the December 9,
2002 deadlines. 
          On October 22, 2002, appellees served appellant with Requests for
Admissions. Appellant served Responses to Admissions on February 7, 2003. 
Because appellant’s responses were untimely and the requests were deemed
admitted,


 appellant filed a motion to strike the admissions. The trial court denied
appellant’s request on May 15, 2003.
          Appellant’s deposition was scheduled for November 12, 2002. Appellees
served a subpoena duces tectum with their deposition notice. On December 20, 2002,
appellees filed their Third Motion to Compel because appellant had failed to appear
for her deposition and had failed to respond to the subpoena duces tectum. On
January 9, 2003, the trial court granted the motion and ordered appellant to appear at
the probate court for an oral deposition on January 21, 2003 and to produce the
documents identified in appellees’ subpoena duces tectum. The trial court also
ordered appellant to pay appellees $500 for attorney’s fees incurred in preparing and
attending the hearing on the motion.
          On January 21, 2003, the parties entered into a second Rule 11 Agreement. 
The parties agreed that appellant’s oral deposition would be rescheduled for February
25, 2003. The parties also agreed that appellant would produce the documents
identified in the subpoena duces tecum, as well as the documents sought by all other
outstanding discovery requests by February 7, 2003. Appellant would have until
February 24, 2003 to supplement her discovery answers. The parties also agreed that
appellant would not dispose of any Trust assets; would produce an accounting in
accordance with section 113.152 of the Texas Trust Code


 by February 21, 2003; and
would supplement the accounting no later than February 24, 2003. 
          On February 21, 2003, appellant submitted a document entitled Accounting
Provided by Ms. Antonia Flores Polos in Connection with a Lawsuit on Behalf of
John Charles Polos and George Straton Polos. On April 7, 2003, appellees filed a
motion to enforce January 21, 2003 Rule 11 agreement, contending that the purported
accounting submitted by appellant on February 21, 2003 was not in accord with
section 113.152 of the Texas Trust Code. Appellees argued that the purported
accounting failed to provide a list of all property in the Trust; did not include any
receipts, records of disbursements, or records relative to any Trust transaction; failed
to identify the location of monies held in investment accounts; and failed to identify
Trust liabilities. The trial court granted the motion and ordered appellant to provide
a full and complete accounting meeting the requirements of Texas Trust Code section
113.152 by July 1, 2003. The trial court also ordered appellant to pay $750 for
attorney’s fees incurred by appellees’ counsel in preparing and attending the hearing
on the motion.
          On June 4, 2003, appellees’ attorney notified appellant of the outstanding
discovery requests, including the production of tax returns and documents showing
asset transfers. On June 19, 2003, appellees filed their fourth motion to compel,
requesting the trial court to order appellant to provide true and correct copies of the
documents that she had agreed to provide in the January 21, 2003 Rule 11 agreement,
with which appellant had never complied.


 
          The trial court held a hearing on the motion on June 26, 2003. At the hearing,
the trial court asked why the parties were before him again. Appellees’ attorney
responded by stating, “The problem continued in this case of not securing the records
from [appellant], which as it stands right now and continues to impede us in terms of
trial preparation.” Appellees requested an order that appellant produce the documents
and attorney’s fees. Appellees also requested that the trial court strike appellant’s
pleadings and defenses. At the beginning of the hearing, appellant gave appellees a
file of documents. The trial court continued the hearing to July 2, 2003.
          On July 1, appellant gave the appellees the same documents she had given them
on June 26, identifying them as her Trust Accounting. On July 2, 2003, appellees
filed their response to appellant’s “Purported Accounting.” In their response,
appellees argued appellant had failed to provide an accounting in compliance with the
Texas Trust Code and that she had failed to provide a number of documents necessary
to account for the disposition of Trust assets, including documents indicating where
the assets were transferred after Charles’s death. Appellees requested that appellant
be removed as trustee of the Trust and that a constructive trust be imposed. Appellees
also requested the following sanctions as provided by Rule 215.2 of the Texas Rules
of Civil Procedure:


 an order disallowing any further discovery by appellant; an order
refusing to allow appellant to assert that Trust assets were separate property; an order
striking appellant’s counterclaim and answer; an order charging appellant with
reasonable attorney’s fees; an order allowing joinder of Larry Vasquez and Bertha
Vasquez as Defendants; an order requiring appellant to provide supporting
documentation for every withdrawal made from the Trust; and an order forcing
appellant to pay full costs of mediation.
          Also on July 2, 2003, the hearing on appellees’ fourth motion to compel was
resumed. Appellant’s attorney effectively admitted that no accounting had been done. 
He told the trial court that he had only recently received most of the documents
regarding the assets in the Trust and that his accountant would need two additional
weeks to produce a summary so that an accounting could be prepared. Appellant’s
attorney admitted that appellant had withdrawn funds individually from the Trust and
was holding them. Appellant failed to identify where she was holding the assets. The
trial court reset the hearing for July 24, 2003. The trial court suggested to appellees’
attorney, on the record, that appellees could file a motion to strike appellant’s
pleadings if she did not provide the accounting as promised by her attorney.
          The hearing rescheduled for July 24, 2003 was actually held on July 31. On
that date, appellant filed her response to appellees’ motion to compel. Appellant
requested that appellees’ fourth motion to compel be denied because she had
complied with the Rule 11 agreement by producing the required documents. 
Appellant also filed her Reply to appellees’ response to appellant’s Purported
Accounting, in which she argued that she had substantially complied with the Rule
11 agreement by providing an accounting satisfying the requirements of section
113.152 of the Texas Trust Code. However, she did not provide any new documents
or an accounting. Nor did she identify where she had transferred Trust assets or
produce documentation for withdrawals.
          Also on July 31, 2003, appellees filed their response to appellant’s reply to
appellees’ reply to appellant’s Purported Accounting. Appellees outlined appellant’s
discovery abuses and the trial court orders appellant had ignored during the life of the
case. Appellees argued that sanctions should be imposed against appellant, including
death penalty sanctions. Appellees requested that appellant’s answer and
counterclaim be stricken and a default judgment entered against her. Appellees
argued that less severe sanctions had not ensured appellant’s compliance with
discovery and that her conduct justified the presumption that her defenses and
counterclaim lacked merit. Appellees again requested that a constructive trust be
imposed and that appellant be removed as trustee.
          The trial court granted appellees’ motion for sanctions as set forth in appellees’
response to appellant’s Purported Accounting. The trial court found that the required
accounting was not provided by the deadline established under the Rule 11
agreement. The trial court noted that it had issued an order on May 15, 2003 granting
appellees’ Motion to Enforce Rule 11 Agreement and had given appellant until July
1, 2003 to produce a full and complete accounting. The trial court found that
appellant had not complied with its order and that appellant had made no effort to
produce the accounting. The court made the following findings:
That since the inception of this litigation Antonia Polos has failed to
comply with another Rule 11 Agreement between the parties dated
January 21, [2003] and failed to appear for her deposition scheduled for
July 21, 2002. The court further finds that Antonia F. Polos’ conduct
has caused George and John Polos to file four Motions to Compel,
which Antonia F. Polos failed to comply with other than the payment of
court ordered attorney fees and costs which were increased with each
order. 
          . . .
That the previous sanctions imposed by the court in the form of payment
of attorney fees were not sufficient to promote compliance by Antonia
F. Polos with any of the court’s orders on John & George Polos’ four
Motions to Compel and separate Motion to Enforce Rule 11 Agreement. 
Accordingly, the court finds that the conduct of Antonia F. Polos
justifies the presumption that Antonia Polos’ defenses to George and
John Polos’ claim of breach of fiduciary duty (loyalty and full-disclosure) suit for accounting, declaratory relief and removal of
Antonia F. Polos as Trustee lacks merit as well as her counterclaim.

The trial court then granted appellees’ motion for sanctions as set forth in their
response to appellant’s Purported Accounting and struck appellant’s defensive
pleadings and claims in all her capacities. The trial court ordered appellant to pay
appellees’ attorney’s fees and imposed a constructive trust.
          On August 18, 2003, the trial court granted a Partial Default Judgment against
appellant on all issues of liability. The court also removed appellant as trustee of the
Trust and imposed a constructive trust.
          On August 20, 2003, the case went to trial on the issue of damages. On
October 16, 2003, the trial court signed a final judgment on the jury’s findings. The
judgment ordered appellant, Individually and as Trustee of the Trust to restore to the
Trust the total sum of $1,059,953.47 and pay post judgment interest; ordered the
successor trustee to pay appellees the sum of $48,063.95 for attorney’s fees and
expenses from the assets of the Trust; and ordered the successor trustee to pay
appellees the additional sum of $10,000 if the case were appealed to the court of
appeals, $7,5000 if a petition for review filed with the Texas Supreme Court, and
$5,000 if the petition were granted.
          Appellant filed a motion for new trial on November 17, 2003. The trial court
denied the motion on December 1, 2003. This appeal followed.
Standard of Review
          We review a trial court’s ruling on a motion for sanctions under an abuse of
discretion standard. Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004); Bodnow
Corp. v. City of Hondo, 721 S.W.2d 839, 840 (Tex. 1986). A trial court abuses its
discretion if it acts without reference to any guiding rules and principles by acting
arbitrarily or unreasonably in light of all the circumstances of the case. Downer v.
Aquamarine Operations, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985); Smithson v.
Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984). We cannot substitute our
judgment for that of the trial court’s. See Flores v. Fourth Court of Appeals, 777
S.W.2d 38, 41 (Tex. 1989). However, the sanctions imposed by the trial court must
be just. TransAmerican, 811 S.W.2d at 917.
          TransAmerican established a two-part test to determine whether a particular
sanction was just. TransAmerican, 811 S.W.2d at 917. First, there must be a direct
relationship between the imposed sanction and the offensive conduct. Id. “This
means that a just sanction must be directed against the abuse and toward remedying
the prejudice caused the innocent party.” Id. Second, a just sanction is not excessive;
it is only as severe as is necessary to satisfy legitimate purposes. Id. There are three
legitimate purposes for discovery sanctions: (1) to secure compliance with the rules
of discovery; (2) to deter other litigants from similar abuse; and (3) to punish abusers. 
Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992). Because a sanction
should not be more severe than necessary, the court must consider less severe
sanctions first. TransAmerican, 811 S.W.2d at 917. When, as here, a trial court
imposes death penalty sanctions, the party must have acted in “flagrant bad faith.” 
Id. at 918.
Discussion
          In her first issue, appellant argues that the trial court abused its discretion by
striking her pleadings for failure to create an accounting pursuant to the Texas Trust
Code. In her second issue, appellant contends that striking her pleadings violated
TransAmerican because (1) the sanction was not directed toward remedying any
prejudice caused appellees and (2) the sanction was more severe than necessary in
light of less severe sanctions available.
          Nothing in this record indicates that the trial court imposed death penalty
sanctions solely because appellant did not create an accounting. The record clearly
demonstrates that the trial court imposed death penalty sanctions only after appellant
repeatedly violated the discovery rules, the court’s orders, and the parties’ Rule 11
agreements. 
          The trial court’s order imposing death penalty sanctions against appellant
summarized appellant’s repeated failures to comply with the trial court’s orders and
with the discovery rules. As discussed above, the trial court found that appellant’s
conduct led appellees to file four motions to compel and one motion to enforce the
Rule 11 agreement. With each of its orders, the trial court sanctioned appellant by
ordering her to meet a new deadline and to pay appellees’ attorney’s fees. Appellant
paid the attorney’s fees, but did not appear for her deposition, produce documents
within court ordered deadlines, produce an accounting, or even retain trust funds in
the Trust. The trial court found that its previous sanctions of attorney’s fees were
insufficient to promote appellant’s compliance and that appellant’s conduct justified
the presumption that her defenses to the claims and her counterclaim lacked merit. 
Therefore, the trial court granted appellees’ motion and struck appellant’s defensive
pleadings and claims. 
          Appellant’s conduct impeded appellees’ ability to prepare for trial. By the trial
court’s order striking appellant’s pleadings and removing her as trustee, appellees no
longer had to establish liability. Thus, appellees were no longer prejudiced by
appellant’s conduct.
          Appellant argues that less severe sanctions were available. She contends that
appellees, at appellant’s expense, could have subpoenaed the documents they needed
from the financial institutions and created their own accounting. The trial court,
however, is not required to impose every possible less severe sanction before striking
a party’s pleadings. See TransAmerican, 811 S.W.2d at 917. The trial court is only
required to consider less severe sanctions. Id. Here, the trial court repeatedly reset
schedules and assessed attorney’s fees as sanctions against appellant’s repeated
abuses of the discovery rules. Appellant’s actions made it impossible for appellees
to prepare their case. The death penalty sanctions entered by the trial court
established, as a matter of law, the findings dependent on evidence in appellant’s
possession, which she repeatedly refused to produce. We hold that the sanctions were
fully commensurate with appellant’s abuses of the litigation process. Accordingly,
we conclude that the trial court did not abuse its discretion. 
          We overrule appellant’s first and second issues.
Conclusion
We affirm the judgment of the trial court.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.