# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00641-CV

**CitiBank (South Dakota) N.A., Appellant**

**v.**

**Julia A. Hanke, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 24670, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

CitiBank (South Dakota) N.A. ("CitiBank") appeals the trial court's dismissal of its suit to collect a credit card debt from Julia A. Hanke. CitiBank failed to respond to a request for disclosure and, as a result, the trial court imposed sanctions under Texas Rule of Civil Procedure 215 for abuse of the discovery process. The sanctions included, in addition to an attorney's fees award, the striking of CitiBank's pleadings, resulting in dismissal of the case. We affirm in part and reverse and remand in part for further proceedings.

### Factual and Procedural Background

CitiBank sued Hanke, claiming nonpayment of a credit card account it had provided to Hanke and seeking $7,479.63 in damages. CitiBank filed its original petition on November 4, 2003. On December 19, Hanke's attorney sent an email to CitiBank's attorney requesting credit card

records pertaining to the account in dispute, to which CitiBank's attorney did not respond. On January 16, 2004, Hanke served requests for disclosure upon CitiBank, which were due February 18 but were never answered. CitiBank's attorney claims to have responded, but mistakenly transmitted the responses to the wrong telecopy number. CitiBank filed a motion for summary judgment on June 9, 2004. On June 10, Hanke's attorney emailed CitiBank's attorney to inform him that Citibank had not responded to the January 16 request for disclosures. Hanke's attorney requested that CitiBank withdraw its motion for summary judgment and threatened to file a motion for sanctions if CitiBank did not do so. When CitiBank did not respond, Hanke filed a motion for sanctions under Texas Rule of Civil Procedure 215 on June 24. The hearing on the motion for sanctions was set for July 28. CitiBank did not attend the hearing on Hanke's motion for sanctions. Citibank claims it was not properly served with notice of the hearing; however, it received two letters, each one attached to a copy of Hanke's motion for sanctions, each one two sentences in length, the second sentence stating in bold the time and date of the sanctions hearing.[1]

On August 3, 2004, the trial court denied CitiBank's motion for summary judgment and granted Hanke's motion for sanctions. The order, citing CitiBank's failure to respond to the request for disclosure and to informal email requests for pertinent information, struck CitiBank's pleadings and awarded attorney's fees to Hanke. The fee award followed a graduated schedule, with $2,500 awarded for representation through the trial court level and $7,500 for each level of appellate

---

[1] On appeal, Citibank also claims to have sent Hanke its response to her request for disclosures before the July 28 sanctions hearing; however, the record reflects, and Citibank's attorney testified at the motion for new trial, that Citibank sent its response to Hanke's request for disclosures on September 2.

review, in the event the case was appealed.  Citibank filed a motion for new trial, and a hearing was held.  At the close of testimony, the motion was denied.[2]  CitiBank appeals the order, challenging (in a single issue) both sanctions: the fee award and the order striking its pleadings.  We sustain in part and overrule in part CitiBank's issue.

## Discussion

### Standard of Review

A trial court's ruling on a motion for sanctions is reviewed under an abuse of discretion standard.  *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004); *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985).  The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but "whether the court acted without reference to any guiding rules and principles."  *Downer*, 701 S.W.2d at 241; *see also Cire*, 134 S.W.3d at 839; *Bodnow Corp.*, 721 S.W.2d at 840.  The trial court's ruling should be reversed only if it was arbitrary or unreasonable.  *Cire*, 134 S.W.3d at 839; *Downer*, 701 S.W.2d at 242.

### Discovery Sanctions

Texas Rule of Civil Procedure 215.2 allows a trial court to sanction a party for failure to comply with a discovery order or request.  Permissible sanctions include "an order striking out pleadings" and an order requiring the disobedient party to pay "reasonable expenses, including

---

[2] No written order appears in the clerk's record.

attorney fees, caused by the failure" to obey a discovery order. Tex. R. Civ. P. 215.2(b). "Sanctions are used to assure compliance with discovery and deter those who might be tempted to abuse discovery in the absence of a deterrent." *Cire*, 134 S.W.3d at 839; *Downer*, 701 S.W.2d at 242. However, a trial court may not impose a sanction that is more severe than necessary to satisfy its legitimate purpose. *Cire*, 134 S.W.3d at 839; *Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996). The justness of a sanction is measured by two components: (1) a direct relationship must exist between the offensive conduct and the sanction imposed, and (2) the sanction must not be excessive. *Cire*, 134 S.W.3d at 839; *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

**Attorney's Fees**

In this case, the trial court did not abuse its discretion by awarding $2,500 in attorney's fees for representation at the trial court level in connection with the filing and prosecution of the motion for sanctions. CitiBank failed to comply with a proper discovery request for disclosures.[3] Although Citibank claims to have sent its response to the wrong telecopy number, it had another chance to respond after receiving Hanke's motion for sanctions, and did not do so. The trial court has discretion to sanction such conduct. Tex. R. Civ. P. 215.2(b). Furthermore, the sanction for attorney's fees in connection with filing the motion for sanctions is directly related to the failure to respond to the request for disclosures. The fine of $2,500 at the trial court level was

_____

[3] The trial court also appeared to base its order for sanctions on Citibank's lack of response to Hanke's informal email request for information. Failure to respond to an informal request is not sanctionable under rule 215. *See* Tex. R. Civ. P. 215.2(b) (identifying sanctionable conduct as failure "to comply with proper discovery requests or to obey an order to provide or permit discovery"). However, Citibank's failure to respond to Hanke's formal request for disclosures independently supports the $2,500 sanction.

meant to assure compliance with discovery and to deter abuse of discovery. Such a fine could rationally have been thought to induce CitiBank to answer the request for disclosures, which it did on September 2, thirty days after the trial court imposed sanctions. Additionally, $2,500 was not excessive in this case, but reasonable in light of the fact that Citibank's lack of response forced Hanke's attorney to prepare and file a motion for sanctions and attend a hearing for sanctions. *See, e.g.*, *Martin v. Zieba*, No. 03-03-00584-CV, 2004 Tex. App. LEXIS 3742, at *11-13 (Tex. App.—Austin 2004, no pet.) (mem. op.) (upholding sanctions of $2,500 where appellant made "repeated attempts to schedule hearings on a day that appellant knew [opposing] lead counsel would be out of town"); *Eldred v. Eldred*, No. 03-98-00167-CV, 1999 Tex. App. LEXIS 2570, at *5-27 (Tex. App.—Austin 1999, no pet.) (not designated for publication) (upholding sanctions of $3,500 where appellant withheld information and refused deposition requests). For these reasons, we uphold the $2,500 sanction.

However, awards of $7,500 "for representation in the Court of Appeals," $7,500 for "filing a petition for review" by the Supreme Court, and $7,500 for representation in the Supreme Court "in the event a petition for review is granted" were not proper sanctions in this case. "Although a trial court may grant appellate attorney's fees as part of a sanctions order under Rule 215, the court must condition the award on the outcome of the appeal." *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998). "An unconditional award of appellate attorney's fees . . . unjustly penalizes a party for seeking mandamus relief from the trial court's sanction order." *Id.* In this case, the trial court did not condition the $7,500 sanctions on the outcome of the appeal. The court simply ordered CitiBank and its attorney "to pay, jointly and severally, [Hanke's] attorney's fees in

connection with the filing and prosecution of the motion." Unconditional fines for appealing the trial court's order dismissing the case are not sanctions designed to assure compliance with discovery or deter abuse of discovery. "Such an award in no way relates to the harm suffered as a result of the alleged discovery abuse and serves only as an improper deterrent to appellate review of the underlying sanction order." *Id*. The $7,500 fines in this case were meant to deter CitiBank from pursuing its right to appeal, not to assure compliance with discovery. The trial court abused its discretion by imposing unconditional sanctions triggered by the appeal of its ruling; accordingly, we reverse each award of $7,500 in sanctions. We turn now to the sanction that struck CitiBank's pleadings.

**"Death Penalty" Sanctions**

Case-determinative discovery sanctions, such as an order striking pleadings, may not be imposed "unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." *TransAmerican*, 811 S.W.2d at 917. Such sanctions are reserved for "'exceptional cases' where they are 'clearly justified' and it is 'fully apparent that no lesser sanctions would promote compliance with the rules.'" *Cire*, 134 S.W.3d at 841 (quoting *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729-30 (Tex. 1993)). Thus, "the trial court [must] consider the availability of less stringent sanctions, and in all but the most exceptional cases, actually test the lesser sanctions before striking the pleadings." *Cire*, 134 S.W.3d at 841. When considering lesser sanctions, the "trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed." *Id* at 842; *see also GTE*, 856 S.W.2d at 729.

6

Based on these principles, we will reverse the order striking CitiBank's pleadings. The record contains no indication that the trial court considered lesser sanctions, which alone constitutes grounds for reversal. *See Cire*, 134 S.W.3d at 841. Nor does the trial court's order attempt to justify the appropriateness of striking CitiBank's pleadings. While the order refers to certain behavior by CitiBank in support of the sanctions, it contains no reasoned explanation of the appropriateness, based on that behavior, of death penalty sanctions.

Furthermore, the trial court did not test lesser sanctions. Even viewing the record in the light most favorable to Hanke, the discovery abuses in this case do not justify striking CitiBank's pleadings as a first measure. That is, failing to answer a request for disclosure, while punishable litigation misconduct, is not so abusive as to place this case into the exceptional category of cases for which death penalty sanctions may be imposed without actually testing lesser sanctions. *Compare Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 880-83 (Tex. 2003) (holding sanctions deeming certain key facts as true to be too severe where defendant refused to produce witness statements until one month before trial); *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 845-53 (Tex. 1992) (holding death penalty sanctions that were granted without lesser sanctions first being tested to be too severe where Chrysler refused to produce crash-test reports that were repeatedly requested by plaintiffs); *TransAmerican*, 811 S.W.2d 913, 915-19 (holding death penalty sanctions, imposed where company's president repeatedly refused to schedule and then failed to appear for deposition, to be too severe and without direct relationship to the misconduct); *and Fletcher v. Blair*, 874 S.W.2d 83, 84-86 (Tex. App.—Austin 1994, writ denied) (holding death penalty sanctions levied against plaintiff for false statements during discovery relating to her damages to be too severe); *with Cire,*

134 S.W.3d 835, 837-43 (upholding death penalty sanctions that were imposed in the first instance where plaintiff destroyed evidence containing "the heart of the proof needed" to defend claims; such conduct justified the presumption that plaintiff's claims lacked merit).

### Conclusion

Because the trial court abused its discretion by striking the plaintiff's pleadings, we reverse the dismissal of the case and remand for further proceedings. The $7,500 sanctions for appealing the case are likewise reversed. The sanction awarding $2,500 in attorney's fees for representation at the trial court level is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear: Opinion by Chief Justice Law; Concurring Opinion by Justice Patterson

Affirmed in Part; Reversed and Remanded in Part

Filed: April 14, 2006