Relator=s Motion for Rehearing Overruled; Opinion of January 15, 2004,
Withdrawn; Petition for Writ of Mandamus Denied and Cor









 

Relator=s Motion for Rehearing Overruled; Opinion of January
15, 2004, Withdrawn; Petition for Writ of Mandamus Denied and Corrected
Memorandum Opinion filed February 2, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01236-CV

____________

 

IN RE LEXINGTON INSURANCE COMPANY, RELATOR

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

C O R R E C T E D  M E M O R A N D U M   O P I N I O N

We withdraw our opinion of January 15, 2004.  On November 10, 2003, relator Lexington Insurance Company filed a petition for
writ of mandamus in this Court.  See
Tex. Gov=t. Code Ann. ' 22.221 (Vernon Supp. 2000);  see also Tex. R. App. P. 52. 
Lexington seeks to have this Court compel the Hon. Martha Hill Jamison,
Judge of the 164th Judicial District Court, Harris County, to vacate her
October 31, 2003 order entered in trial court cause number 01-49363, regarding
several pending discovery matters and awarding sanctions for discovery
abuse.  By order dated November 19, 2003,
this Court stayed the October 31, 2003 order until final decision by this Court
on relator=s petition for writ of mandamus, or
until further order of this Court. 
After considering the
petition, all responses and replies, as well as the extensive exhibits, we deny
relator's petition for writ of mandamus for the
reasons discussed below.  








Background Facts

Lexington sued a group of insured companies (among others),
collectively referenced as AVarco,@ for declaratory judgment regarding
insurance coverage of a settled lawsuit.[1]   Varco, the real
party in interest, filed a counterclaim for fraud, breach of contract,
conspiracy, and Texas Insurance Code violations, and requested exemplary
damages for the non-contractual claims.  


In the fall of 2002, Varco moved to
compel the discovery of documents from Lexington.  Thereafter, it filed no less than three
motions to compel or enforce orders to compel discovery.  Even after the appointment of a special
master, who considered various discovery motions and recommended production of
documents and deponents in a nine-page memorandum to the trial court, Lexington
did not comply.  After the trial court
issued its three-page order compelling discovery and ordering sanctions,
Lexington filed its petition for mandamus raising the following eight issues:

A) the trial court abused its discretion by
sanctioning Lexington without holding a hearing in violation of due process and
Rule 215.2;

B) the trial court abused its discretion and due
process by adopting a special master=s
recommendations without first conducting a de novo hearing;

C) the trial court abused its discretion by ordering
the production of a privileged joint defense agreement;

D) the trial court abused its discretion by allowing
discovery on the meaning of insurance policies; 

E) the trial court abused its discretion by ordering
the production of the reservation of rights and denial letters;

F) the trial court abused its discretion by denying a
request for additional time in which to comply with an order of production;

G) the trial court abused its discretion by ordering
the production of the ABrenner Memorandum;@
and  








H) the trial court abused its
discretion by denying a motion to sever and abate the extra-contractual from
the contractual causes of action. 

Standard of Review

Mandamus will issue to correct a
discovery order if the order constitutes a clear abuse of discretion and there
is no adequate remedy by appeal.  In
re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex.1998) (orig.
proceeding).  In determining whether the
trial court abused its discretion, we are mindful that the purpose of discovery
is to seek the truth so that disputes may be decided by what the facts reveal,
not by what facts are concealed.  Id.  The rules governing discovery do not require
as a prerequisite to discovery that the information sought be admissible
evidence; it is enough that the information appears reasonably calculated to
lead to the discovery of admissible evidence. 
See Tex. R. Civ. P. 192.3(a).  
However, this broad grant is limited by the legitimate interests of the
opposing party to avoid overly broad requests, harassment, or disclosure of
privileged information.  In re Am.
Optical Corp., 988 S.W.2d 711, 713 (Tex.1998) (orig. proceeding).

Procedural Due Process

Lexington claims it was denied
procedural due process because the trial judge did not hold an oral hearing
before issuing monetary sanctions for discovery abuse.  A trial court need not hold an oral hearing
to determine the matter of sanctions for abuse of discovery.   E.g., Cummings v. Cire,
74 S.W.3d 920, 925 (Tex. App.CAmarillo 2002, writ granted); Meek v. Bishop, Peterson
& Sharp, P.C., 919 S.W.2d 805, 809 (Tex. App.CHouston [14th Dist.] 1996, writ
denied); United Bus. Mach. v. Southwestern Bell, 817 S.W.2d 120, 123
(Tex. App.CHouston [1st Dist.] 1991, no
writ).  The first issue is overruled.

The second issue asks whether the
trial court adhered to its own order appointing the special master by failing
to hold a hearing prior to adopting the master=s recommendations.  No argument or authority to support this
issue is set forth in the petition. 
Therefore, the issue is waived.  Tex. R. App. P. 38.1(h).

 








Joint Defense Agreement

Lexington claims the trial court
abused its discretion by ordering the production of a joint defense agreement
in violation of the joint defense privilege and by ordering concomitant
sanctions for prior failures to produce this document.[2]  At a motion to compel hearing in September
2002, the trial court Aconditionally sustained@ the objections to documents nos. 104
and 111, Asubject to some sort of proof in
whatever form that is submitted in-camera of a joint defense agreement.@ 
Lexington never submitted proof of a joint defense agreement to the
trial court. 

Rule 193.4 provides that at any
hearing on a claim of privilege, the party asserting the privilege Amust present any evidence necessary
to support the . . . privilege.@  Tex. R. Civ. P. 193.4(a).  Because Lexington never satisfied its burden
to support its claim of privilege to the joint defense agreement, we hold the
trial court did not abuse its discretion by ordering its production.

Lexington also complains that the
trial court abused its discretion by ordering that Lexington pay $1,000 for its
failure to produce the joint defense agreement. 
We have no jurisdiction to consider this issue because Lexington has an
adequate remedy by appeal.  Tex. R. Civ. P. 215.3;
Bodnow Corp. v. City of Hondo, 721 S.W.2d 839, 840 (Tex. 1986) (holding
discovery sanctions not appealable until there is a
final judgment); see Braden v. Downey, 811 S.W.2d 922, 928 (Tex. 1991) (orig.
proceeding) (mandamus is proper for review of a sanction only when it terminates
or inhibits the presentation of the merits of a party=s claims); TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 919-20 (Tex. 1991 (orig. proceeding) (same).








Depositions of Corporate Representatives

In its fourth issue, Lexington claims
the trial court abused its discretion by allowing discovery on the meaning of
insurance policies after the trial court had determined that the policies were
not ambiguous.  Specifically, it objects
to the production of corporate representatives for deposition on various
topics. 

First, we find it was reasonable for
the trial court to hold that the six deposition topics are discoverable.  The October 2003 order compels Lexington to
produce deponents to testify about the following: (1) the placing of Lexington=s policies, (2) Lexington=s defenses, and (3) the underwriting
of the policies plus (4) corporate claims handling procedures, (5) its
non-payment of Varco=s defense costs, and (6) its refusal
to participate  in the Derrick
settlement.  Throughout its mandamus
petition, Lexington states that the trial court has previously held the entire
insurance policies unambiguous; however, we find no cites to the voluminous
record to support this bald statement. 
Its general allusions to orders granting partial summary judgments on
certain contract clause defenses do not demonstrate such a legal holding by the
trial court.  

As demonstrated by Varco=s Fifth Amended Counterclaim and Answer, this is a case over
the scope and wrongful denial of insurance coverage.  Varco alleges that
Lexington originally denied coverage to Varco.  Lexington later agreed to defend Varco under a reservation of rights.  Thereafter, however, Lexington refused to pay
for defense costs incurred by Varco.  Varco asserts
multiple claims that implicate these areas of discovery ordered by the court,
including statutory bad faith claims. 
The special master and trial judge found these six topics for deposition
to be relevant and nothing in the record suggests otherwise.








Secondly, we find no abuse of
discretion for the trial court to order corporate representatives for
deposition on the six topics.  There are
two separate corporate representative deposition issues: the first involves the
January 2003 scheduling order for deposition(s) ordered on the first three
topics listed above, and the second involves the requests for depositions on
the latter three topics, upon which Varco moved to
compel production of deponents in August 2003.

Apparent by its ruling, the trial court agreed with Varco that a deposition of a corporate representative taken
last spring on the first three topics listed was inadequate because the
deponent was prepared only to discuss one of the topics noticed.[3]  Corporate representatives for the latter
three areas were noticed for deposition last summer, but Lexington unilaterally
never proffered witnesses on those topics. 
As a result, we find no abuse of discretion by the trial court in
ordering the depositions of corporate representatives on the six relevant
topics requested.

Finally, Lexington claims the trial
court=s award of the $2,000 as sanctions
for Lexington=s failure to produce corporate
representatives on the first three topics as previously ordered was an abuse of
discretion.  We have no jurisdiction to
consider this issue because appeal provides an adequate remedy for review of
the money sanctions award.  Tex. R. Civ. P. 215.3;
Bodnow, 721 S.W.2d at 840; Braden, 811 S.W.2d at 928. 

Reservation of Rights and Denial
Letters 








In its fifth and sixth issues,
Lexington claims the trial court abused its discretion by ordering the
production of the reservation of rights and denial letters for advertising
injury claims because the documents are irrelevant, and their production is burdensome,
and in violation of the Gramm-Leach-Bliley Act.  Alternatively, it claims the trial court
abused its discretion by denying a request for additional time in which to
comply with the order and Aby requiring production within fourteen days of certain
documents when the record showed compliance would demand a minimum of 23,486.25
work hours by the responding party to review the 93,945 closed files, even if
only fifteen minutes are allotted for a claims handler or equivalent employee
to the review of each to determine whether there had been any claim made
potentially relating to >advertising injury= under a CGL policy in Texas for the
policy years of 1993-1999.@

A trial court has broad discretion to
schedule and define the scope of discovery.  
See In re Colonial Pipeline Co., 968 S.W.2d at 941.  The Texas Rules of Civil Procedure authorize
discovery into any relevant matter that is not privileged and is relevant to
the subject matter of the pending action, whether it relates to the claim or
defense of the party seeking discovery or the claim or defense of any other
party.  Tex.
R. Civ. P. 192.3 (a).

The trial court has ruled on this
particular discovery three times.  It
repeatedly ordered Lexington to produce the documents, but Lexington has not
complied.  Because of Varco=s claims outlined above, we find that
the trial court did not abuse its discretion in holding these documents are
relevant.  Also, their production is not
overly broad and burdensome, particularly because the trial court limited the
scope of production to letters issued for Texas for commercial general
liability policies within a period of six years only as to advertising injury
claims.  Further, the documents will not
violate the Gramm-Leach-Bliley Act because the
reservation of rights and denial letters are to be produced in redacted form to
delete private, personal and nonpublic information of insureds.









In late October 2003, after
several motions to compel filed by Varco, after
the court-ordered deadline to produce these documents had passed, and after
the special master recommended that the documents be produced, Lexington for
the first time submitted detailed proof to the trial court suggesting that the
discovery ordered would be exceedingly expensive and overly burdensome.  Throughout the discovery process, Lexington=s objections to the production of the
reservation of rights and denial letters were disclosed piecemeal.  Not until September 19, 2003, after the
court-ordered deadline to produce these documents, did it file for an extension
of time to produce the documents.  The
special master found that A[t]his has gone far enough.@ 
Lexington has been on notice that this discovery was requested for some
time; the denial and reservation of rights letters were first ordered to be
produced in July 2003, and re-ordered produced in September 2003.  Accordingly, we also hold it was not an abuse
of discretion for the trial court to deny the motion for an extension of
time.  The fifth and sixth issues are
overruled.

The Brenner Memorandum 

In its seventh issue, Lexington
claims the trial court abused its discretion by ordering the production of the ABrenner Memorandum.@ 
After the special master issued her recommendations, Lexington submitted
to the trial court two affidavits of witnesses who testified they have never
used the Brenner Memorandum nor are they aware it is in Lexington=s possession.  These affidavits are not evidence of a
privilege or exemption from discovery to support withholding the production of
this document.  See Tex. R. Civ. P.
193.3.  We find the trial court did
not  abuse its discretion in ordering the
production of the Brenner Memorandum and this issue is overruled.

Denial of Lexington=s Motion to Sever and Abate Varco=s Extra-Contractual Claims 

Lexington claims the trial court
abused its discretion by denying a motion to sever and abate the
extra-contractual from the contractual causes of action.  However, its petition for writ of mandamus
does not pray that the order denying severance and abatement be vacated;
it only requests vacation of  the October
31, 2003 order on discovery matters. 
Regardless, the order denying severance and abatement is dated August
22, 2002, more than fourteen months before the petition for mandamus was filed
on November 10, 2003.  

A writ of mandamus is an
extraordinary remedy issued not as a matter of right, but at the discretion of
the court.  Rivercenter
Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).  Mandamus is largely governed by equitable principles;
equity is intended to aid the diligent and not those who slumber on their
rights.  Id.  Relator offers no
explanation for the fourteen‑month delay from the time the trial court
entered its order denying the severance and abatement until the time it filed
its petition for writ of mandamus. Consequently, we find that Lexington=s 
delay in filing a mandamus petition on this issue constitutes
waiver.  See In re Xeller,
6 S.W.3d 618, 624 (Tex.
App.CHouston
[14th Dist.] 1999, orig.
proceeding).








Having ruled on all of Lexington=s issues, we deny the petition for
writ of mandamus.  This Court=s stay order of November 10, 2003 is
lifted.  The discovery that is the
subject of the trial court=s October 31, 2003 order is ordered to be produced in
accordance with the order of the court below. 


PER CURIAM

 

Petition Denied and Corrected Memorandum Opinion filed
February 2, 2004.

Panel consists of Justices Yates, Hudson and Fowler.

 

 











[1]  After seven
years of litigation, the Derrick Manufacturing v. Varco
case, involving patent infringement and related claims, was settled by Varco for $15 million after running up defense costs of
$17.5 million.  Varco
and its related companies seek coverage for this case against a host of
insurers.





[2]   The joint
defense privilege, found in Rule of Evidence 503(b)(1)(C), sometimes called the
common interest or community of interest rule, is not an independent privilege,
but an exception to the general rule that no attorney‑client privilege
attaches to communications that are made in the presence of or disclosed to a
third party.  In re Skiles, 102 S.W.3d 323, 326 n.2 (Tex. App.CBeaumont 2003, orig. proceeding).  Thus, in addition to establishing the
applicability of the attorney‑client privilege, the elements necessary to
invoke the joint defense privilege are: 
1) a common legal interest between all persons with whom the
communication is shared; and 2) a communication exchanged among those persons Ain confidence, >not .
. . for the purpose of allowing unlimited publication and use, but rather, ...
for the limited purpose of assisting in their common cause.=@  In re LTV
Sec. Litig., 89 F.R.D. 595, 604 (N.D. Tex. 1981)(quoting
Wilson P. Abraham Const. v. Armco Steel Corp., 559 F.2d 250, 253 (5th Cir.
1977)).





[3]  Lexington
claims there was a Rule 11 agreement between counsel setting the deposition
(such that a motion to quash was withdrawn) that acknowledged the witness was
being offered on only one area.  However,
we find no such document in the record.